# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LIBERATED BRANDS LLC, *et al.* | § § | Case No. 25-10168 (JKS) |
| Debtors | § § § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## Liberated Brands USA LLC

### CASE NO. 25-10169 (JKS)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIBERATED BRANDS LLC, *et al.*,[1] | ) | Case No. 25-10168 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

Liberated Brands LLC ("Liberated") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective *Schedules of Assets and Liabilities* (each, a "Schedule" and, collectively, the "Schedules") and *Statements of Financial Affairs* (each, a "Statement" or "SOFA" and, collectively, the "Statements" or "SOFAs") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Liberated Brands LLC (2718); Boardriders Retail, LLC (0505); Liberated AX LLC (1537); Liberated Brands International, Inc. (4439); Liberated Brands USA LLC (3827); Liberated-Spyder LLC (9831); Volcom Retail Outlets, LLC (1493); Volcom Retail, LLC (9045); and Volcom, LLC (6919).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 1740 Monrovia Ave, Costa Mesa, CA 92627.

[2]   These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not, and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Todd Hymel, Chief Executive Officer of the Debtors, and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Hymel has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Mr. Hymel has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; *provided* that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.    The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on February 2, 2025 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On February 4, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 68].  On February 18, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 124].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  No trustee or examiner has been appointed in these chapter 11 cases.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission**.  Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by any of the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly, including with respect to claim description and designation.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute and to

3

assert setoff rights, offsets, counterclaims, and defenses to any claim reflected on their respective Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c.  **Recharacterization**.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.  **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured priority," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

e.  **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.  **Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at Law, in equity, or otherwise.  Causes of action also include:  (i) all rights of setoff, counterclaim, or recoupment, and claims under contracts or for breaches of duties imposed by law

or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.     **Intellectual Property Rights**.  Exclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner or interest holder, however, in some instances, intellectual property owned or licensed by one Debtor may, in fact, be owned or licensed by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.     **Insiders**.  In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual or entity exercised management responsibilities or functions, (iii) corporate decision-making authority over the Debtors, or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) any other purpose.  Furthermore, certain of the individuals or entities identified as

insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

i.      **AI**.  In certain situations, the Debtors and/or the Debtors' advisors may have used artificial intelligence and/or machine learning technology ("AI") to prepare the information included in the Schedules and Statements.  AI has many benefits, including the ability to review large amounts of data in a relatively short period of time, and generate complex output based upon such data.  However, AI technology has inherent limitations and can produce inaccurate results.  In all cases where AI was utilized, the Debtors and/or the Debtors' advisors used reasonable efforts to ensure human review of the final content.  However, inaccuracies may occur and consequently no assurances can be made regarding the information derived based upon AI technology that was included in the Schedules and Statements.

**4.      <u>Methodology</u>**.

a.      **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for the Debtors and their non-Debtor affiliates.   The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets

shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b.   **Reporting Date**.  To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the Debtors' asset data as of December 31, 2024, the date of the Debtors' month-end closure to their balance sheet prior to Petition Date, and the Debtors' liability data herein represents the liability data of the Debtors as of the Petition Date, adjusted with liability data as of March 3, 2025, for authorized payments under the First Day Orders (as defined herein), unless otherwise specified.

c.   **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, names and other information), or concerns for the privacy of the Debtors' creditors and clients.  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.   **Intercompany Claims**.  Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  The Cash Management System is supported by approximately twenty-eight bank accounts, all of which are owned and controlled by the Debtors.

---

[3]   Such as the *Interim Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers and (B) Redact Certain Personally Identifiable Information of Individuals, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 90] (the "Interim Creditor Matrix Order").

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "<u>Intercompany Transactions</u>") in the ordinary course of business, which resulted in intercompany receivables and payables (the "<u>Intercompany Claims</u>"). The Debtors maintain records of the Intercompany Claims and Intercompany Transactions. Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 197] (the "<u>Final Cash Management Order</u>"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein. The intercompany balances set forth in Schedule A/B and Schedule E/F are as of December 31, 2024, and may not accurately reflect current positions as Debtors continue to engage in and reconcile Intercompany Transactions.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted per the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a Claim, an Interest, or not all allowed at all.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.    **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in Schedule D, E/F, or H, as applicable, for the affected Debtor(s). The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify

additional guarantees as they continue to review their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

f.    **Excluded Assets and Liabilities.**   The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, including: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

g.    **Duplication**.   Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

h.    **Net Book Value of Assets**.   In many instances, current market valuations are not maintained by, nor readily available to, the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of December 31, 2024, are presented for all assets, unless otherwise indicated. Market values may vary, sometimes materially, from net book values. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

i.    **Currency**.   All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

j.    **Payment of Prepetition Claims Pursuant to First Day Orders**.   Following the Petition Date, the Court entered various orders authorizing (but not directing) the Debtors to, among other things, pay certain prepetition:  (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs

and supplemental workforce obligations); (iv) taxes and assessments; and (v) critical vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by any Court-approved, postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

k.      **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary or appropriate to avoid overpayment or duplicate payment for such liabilities.

l.      **Setoffs**. The Debtors routinely incur setoffs, net payments, and other similar rights in the ordinary course of business. Such setoffs and nettings arise from various transactions or items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes or agreements between the Debtors and their customers or vendors. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners. These normal, ordinary course setoffs and nettings are common in the wholesale industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

m.     **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value.

n.      **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an

amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any such prepetition obligations that are known to the Debtors have been listed on Schedule E/F, and the underlying lease agreements are listed on Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

o.  **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  Uniform Commercial Code ("UCC") liens as of the Petition Date, if any, are listed on Schedule D.  Certain UCC liens that the Debtors believe are no longer valid may also attach to such inventories, property, and equipment.

p.  **Insurance**.  The Debtors have not set forth insurance policies as assets or executory contracts in the Schedules and Statements.  Information regarding the Debtors' insurance policies is set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance, Surety Coverage, and Letters of Credit Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, Surety Bonds, and Letter of Credit, and (C) Continue to Pay Broker Fees, and (II) Granting Related Relief* [Docket No. 8] (the "Insurance Motion").

q.  **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

r.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent

there are items listed with unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

s.　　**Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

t.　　**Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same, or apply such allowances or adjustments in the ordinary course of business on a postpetition basis.

u.　　**Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

v.　　**Individual Addresses**. Personal addresses of individuals including current and former employees and directors have been removed from entries listed throughout the Schedules and Statements, where applicable, pursuant to the Interim Creditor Matrix Order.

## Specific Schedules Disclosures.

## Part 1 - Cash and Cash Equivalents

a.　　**Schedule A/B-2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Cash Management System and bank accounts are provided in the Cash Management Motion and Final Cash Management Order. A full schedule of the Debtors' bank accounts is included in the Cash Management Motion. Additionally, the Bankruptcy Court, pursuant to the *Final Order (I) Approving the Debtors Proposed Adequate Assurance of Payment for Future*

12

*Utility Services, (II) Approving the Debtors Proposed Procedures for Resolving Additional Assurance Requests, (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (IV) Granting Related Relief* [Docket No. 191] (the "<u>Final Utility Order</u>"), authorized the Debtors to deposit an adequate assurance payment for future utility services.  As this deposit did not exist on the Petition Date, Debtors have excluded this account and the corresponding balance funded in accordance with the Final Utility Order from Schedule A/B, Part 2.

The Debtors' cash balances are listed as of the close of business on January 31, 2025.

b.  **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries and partnerships have been listed in Schedule A/B, Part 4.  The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  The Debtors do not have any ownership interests in any joint ventures.

c.  **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**  Dollar amounts are presented net of accumulated depreciation and other adjustments.

d.  **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of depreciation, amortization, impairments, and other adjustments, as applicable.  Additionally, the Debtors may receive refunds for sales and use tax and/or other taxes at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.  Intercompany receivables due from debtor entities also have been listed in Schedule A/B, Part 11.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Executory Contracts and Unexpired Leases.*  Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of

such documents, the Debtors have not listed such agreements on Schedule A/B as assets.  Instead, the Debtors have only listed such agreements on Schedule G.

e.    **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Interim DIP Orders.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights.

f.    **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 – Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 193] (the "Final Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Final Taxes Order are not listed in Schedule E.  The Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

Furthermore, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 82] (the "First Interim Wages Order") and the *Second Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 220] (the "Second Interim Wages Order" and, together with the First Interim Wages Order, the "Interim Wages Orders"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the

ordinary course of business; *provided* that until entry of a final order granting such relief is obtained, the Debtors have not and will not make any payments under the Non-Insider Retention Bonus Program (as defined in the Wages Orders) to any employee who is owed in excess of $10,000 under the Non-Insider Retention Bonus Program. The Debtors believe that there are no prepetition amounts owed to any employee in excess of $10,000 under the Non-Insider Retention Bonus Program. The Debtors believe that any non-disputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied. Accordingly, such amounts are not listed.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 – Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation. Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation and/or formal demands involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, demand letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on Debtor Liberated Brands LLC Schedules, as applicable. In addition, the Debtors' insurance may cover personal injury claims in part or in full.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligation to, amend Schedules D and E/F if and as they receive such invoices.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such gift cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules.

Liabilities listed on Schedules E/F reflect the Debtors' book and records balances of prepetition liabilities as of the Petition Date and are inclusive of certain prepetition balances that were paid after the Petition Date pursuant various First Day Orders. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these cases. Consequently, any such supplier amounts as of March 3, 2025, have been marked as contingent and unliquidated on Schedule E/F.

g.   **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, may reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms of such agreements. In such cases, Debtors have included such items on Schedule G of Liberated Brands USA LLC.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D only.

h.   **Schedule H – Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees, if any, reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of business, the Debtors may become subject to pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. The Debtors have not listed any litigation-related co-debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

5.   **Specific Statements Disclosures.**

a.   **Statements, Part 1, Question 1.** Revenue is presented on a net basis.

b.   **Statements, Part 2, Questions 3 and 4.** Prior to the Petition Date, the Debtors maintained the Cash Management System through which certain Debtors made

payments on behalf of certain Debtor affiliates and certain non-debtor affiliates, as further explained in the Cash Management Motion. Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by one of the Debtors or Debtor affiliates from operating bank accounts on behalf of the corresponding Debtor, pursuant to the Cash Management System described in the Cash Management Motion.

To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

c.    **Statements, Part 2, Question 6 – Setoffs.** For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(l) of these Global Notes.

d.    **Statements, Part 6, Question 11.** All disbursements listed in Statement 11 were initiated and disbursed either by Volcom LLC and/or Liberated Brands USA LLC but were for the benefit of all Debtors.

e.    **Statements, Part 6, Question 13.** With respect to Statement Question 13 for the SOFAs for Debtors Liberated Brands LLC and Liberated Brands International, Inc., certain transfers to ABG-Brighton LLC, QS Holdings S.à r.l, and Authentic Brands Group LLC represent the total consideration to fund the acquisition. Such consideration included both cash and the incurrence of unsecured debt by the Debtors. This unsecured debt is reflected on Schedules E/F for Liberated Brands LLC and Liberated Brands International, Inc.

f.    **Statements, Part 9, Question 17.** With respect to the SOFAs for Debtors Volcom, LLC, Volcom Retail, LLC, and Volcom Retail Outlets, LLC the Debtors changed the name of the 401(k) plan from the Volcom, LLC 401(k) Plan to the Liberated Brands, LLC 401(k) Plan.

g.    **Statements, Part 11, Question 21 – Property Held for Another.** The Debtors are obligated under various agreements and programs to remit certain funds held for third parties to such parties and have received authorization to do so under the *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors and Lien Claimants and (II) Granting Related Relief* [Docket No. 189], the Interim Wages Orders, and the Final Taxes Order. To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

Statement Question 21 with respect to the SOFA for Debtor Volcom, LLC (line item 21.1) includes proceeds of certain assets transferred to Q4D LLC ("Q4D") in a prepetition transaction that have been collected by the Debtors since the Petition

Date.  Nothing in the Schedules and Statements determines or affects any entitlements of any person or entity in respect of such amounts.

As provided for in the Interim DIP Orders, as and when the Debtors identify proceeds of AR and Inventory (each as defined in the Q4D TAA) (as defined in the Interim DIP Orders), the Debtors shall within one business day thereafter notify the DIP Secured Parties and Q4D of the same, including the amount of such proceeds and backup documentation supporting the calculation of such amount, and the DIP Secured Parties shall within two business days thereafter fund an amount equal to the amount of such proceeds so identified by the Debtors into a segregated account with the DIP Agent (the "Specified Segregated Account"); *provided*, that the DIP Secured Parties shall not be required to fund any amount in excess of $4,000,000 into such Specified Segregated Account under the Interim Orders; *provided, further*, that if and when the amount funded or required to be funded into the Specified Segregated Account exceeds $3,000,000, absent agreement of the Debtors, the DIP Secured Parties and Q4D, the Debtors shall be required to return to the Court on an expedited basis to obtain further relief.  The rights, privileges, and defenses of all parties with respect to any legal entitlement to the funds in the Specified Segregated Account, including the amount required to be funded into such Specified Segregated Account, are fully reserved.  Absent agreement among the Debtors, the DIP Secured Parties, and Q4D, or further order of the Court, the funds in the Specified Segregated Account or any valid and senior legal entitlement of Q4D with respect to such AR and Inventory, regardless of whether in the Specified Segregated Account, (i) shall not be subject to the DIP Liens or Adequate Protection Liens; and (ii) shall not be transferred out of the Specified Segregated Account.

Nothing in the Schedules and Statements in any way prejudices or impairs any of Q4D's rights, privileges, claims, causes of action, remedies, defenses, or interests against the Debtors, the DIP Secured Parties, the Pre-Petition Secured Parties, or any other party, related to or arising under the Q4D Transaction, the Q4D Transactions Documents, the Consent, the AR and Inventory (and proceeds thereof, whether collected or received pre- or postpetition), or otherwise.

Nothing in the Schedules and Statements in any way prejudices or impairs any rights, privileges, claims, causes of action, remedies, defenses, or interests of the Debtors, the DIP Secured Parties, the Prepetition Secured Parties, or any other party in relation to the Q4D Transaction, the Q4D Transactions Documents, the Consent, the AR and Inventory (and proceeds thereof, whether collected or received pre- or postpetition) and Q4D's asserted entitlement thereto, or otherwise.

h.    **Statements, Part 7, Question 14 – Prior Locations.**  The address of each Debtor's main center of operations or headquarters as of the Petition Date was included in the Debtors' Voluntary Petitions.

i.      **Statements, Part 13, Question 25.**  Information listed in Question 25 is based on best historical corporate structure information available through December 2024. Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.  In the case of non-U.S. entities, corporate registration numbers may be listed in place of U.S. tax ID numbers.

j.      **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided a list of these parties in their response to Statement Question 26.

k.      **Statements, Part 13, Question 27 – Inventories.**  Any inventory held by third-party logistics providers is subject to each third-party logistics provider's respective inventory control procedures. The Debtors receive confirmation on such third-party logistics provider related inventory in support of their financial statement audits.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 JPMORGAN CHASE BANK, N.A. | AP ACCOUNT | 6199 | $0.00 |
| 3.2 JPMORGAN CHASE BANK, N.A. | OPERATING ACCOUNT | 5506 | $496,982.39 |
| 3.3 JPMORGAN CHASE BANK, N.A. | PAYROLL ACCOUNT | 9119 | $0.00 |
| 3.4 JPMORGAN CHASE BANK, N.A. | RECEIVABLES ACCOUNT | 7326 | $670,653.96 |
| 4. **Other cash equivalents (Identify all)** | | | |

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

   **$1,167,636.35**

# Schedule A/B: Assets - Real and Personal Property

**Part 2:** Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits** Description, including name of holder of deposit | |
| 7.1 OTHER DEPOSITS - MISCELLANEOUS | $4,568,959.47 |
| | |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** Description, including name of holder of prepayment | |
| 8.1 PREPAID - EMERALD X, LLC | $1,800.00 |
| 8.2 PREPAID - INNOVATIVE SYSTEMS LLC | $36,078.26 |
| 8.3 PREPAID - CENTRIC SOFTWARE INC. | $40,250.00 |
| 8.4 PREPAID - KNOWBE4 INC. | $3,945.00 |
| 8.5 PREPAID - MISCELLANEOUS | $6,249,255.12 |
| 8.6 PREPAID - INVENTORY | $1,883,897.26 |

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

**$12,784,185.11**

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|
| **11. Accounts receivable** | | | |
| 11.1 A. 90 DAYS OLD OR LESS: | $26,164,296.99 | - -$4,286,281.58 | = $21,878,015.41 |
| 11.2 B. OVER 90 DAYS OLD: | $4,250,912.60 | - -$696,392.05 | = $3,554,520.55 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $25,432,535.96 |
|---|

# Schedule A/B: Assets - Real and Personal Property

**Part 4:** **Investments**

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

| | | |
|---|---|---|
| 15.1  BOARDRIDERS RETAIL, LLC (OWNERSHIP 100%) | | UNDETERMINED |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

<b>UNDETERMINED</b>

# Schedule A/B: Assets - Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---------|--------------------------------------------------|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 21.1 FINISHED GOODS | | $23,338,847.09 | LIFO | $23,338,847.09 |
| 21.2 INVENTORY IN TRANSIT | | $1,905,118.83 | LIFO | $1,905,118.83 |
| 22. **Other Inventory or supplies** | | | | |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$25,243,965.92

24. **Is any of the property listed in Part 5 perishable?**

☑ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No.
☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☑ Yes.

## Schedule A/B: Assets - Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|---------|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------|---------|---------|---------|

28. **Crops-either planted or harvested**

29. **Farm animals**

30. **Farm machinery and equipment**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**
☐ No.
☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No.
☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No.
☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No.
☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

**Part 7:** Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1 FURNITURE AND FIXTURES | $473,867.16 | NET BOOK VALUE | $473,867.16 |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 COMPUTER EQUIPMENT | $991.89 | NET BOOK VALUE | $991.89 |
| 41.2 COMPUTER SOFTWARE | $768,841.45 | NET BOOK VALUE | $768,841.45 |
| 41.3 OFFICE EQUIPMENT | $6,750.00 | NET BOOK VALUE | $6,750.00 |
| 42. **Collectibles** | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

**$1,250,450.50**

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No.
☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No.
☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

**Part 8:**     **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54. **Does the debtor own or lease any real property?**
- [ ] No. Go to Part 9.
- [x] Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | | | | |
|---|---|---|---|---|
| 55.1  FA - LEASEHOLD IMPROVEMENTS | LEASEHOLD IMPROVEMENTS | $1,934.75 | NET BOOK VALUE | $1,934.75 |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

**$1,934.75**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- [ ] No.
- [x] Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- [x] No.
- [ ] Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:**     Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 TRADEMARK: CAPTAIN FIN CO. (CANADA ) [ID NO. 1576494] | UNDETERMINED | | UNDETERMINED |
| 60.2 TRADEMARK: CIRCLE LOGO (CANADA ) [ID NO. 1576495] | UNDETERMINED | | UNDETERMINED |
| 60.3 TRADEMARK: CAPTAIN FIN (CANADA ) [ID NO. 2254981] | UNDETERMINED | | UNDETERMINED |
| 60.4 TRADEMARK: ONLY ANCHOR LOGO (CANADA ) [ID NO. 2254982] | UNDETERMINED | | UNDETERMINED |
| 60.5 TRADEMARK: CIRCLE LOGO (CANADA ) [ID NO. 2256117] | UNDETERMINED | | UNDETERMINED |
| 60.6 TRADEMARK: CAPTAIN FIN (KOREA) [ID NO. 40-2015-0027578] | UNDETERMINED | | UNDETERMINED |
| 60.7 TRADEMARK: CAPTAIN FIN (KOREA) [ID NO. 70-2023-0000492] | UNDETERMINED | | UNDETERMINED |
| 60.8 TRADEMARK: CIRCLE LOGO (KOREA) [ID NO. 40-2015-0027579] | UNDETERMINED | | UNDETERMINED |
| 60.9 TRADEMARK: ONLY ANCHOR LOGO (KOREA) [ID NO. 40-2023-0061346] | UNDETERMINED | | UNDETERMINED |
| 60.10 TRADEMARK: CAPTAIN FIN CO. (JAPAN) [ID NO. 5574585] | UNDETERMINED | | UNDETERMINED |
| 60.11 TRADEMARK: CIRCLE LOGO (JAPAN) [ID NO. 5574586] | UNDETERMINED | | UNDETERMINED |
| 60.12 TRADEMARK: CAPTAIN FIN (JAPAN) [ID NO. 2023-035243] | UNDETERMINED | | UNDETERMINED |
| 60.13 TRADEMARK: ONLY ANCHOR LOGO (JAPAN) [ID NO. 2023-035244] | UNDETERMINED | | UNDETERMINED |
| 60.14 TRADEMARK: CAPTAIN FIN (CHINA) [ID NO. 16383007A] | UNDETERMINED | | UNDETERMINED |
| 60.15 TRADEMARK: CAPTAIN FIN (CHINA) [ID NO. 16383007] | UNDETERMINED | | UNDETERMINED |
| 60.16 TRADEMARK: CAPTAIN FIN (CHINA) [ID NO. 69447366] | UNDETERMINED | | UNDETERMINED |
| 60.17 TRADEMARK: CAPTAIN FIN (CHINA) [ID NO. 69447366A] | UNDETERMINED | | UNDETERMINED |

# Schedule A/B: Assets - Real and Personal Property

**Part 10:** Intangibles and intellectual property - detail

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.18 TRADEMARK: COMBO CF & LOGO (INDONESIA ) [ID NO. D002015036539] | UNDETERMINED | | UNDETERMINED |
| 60.19 TRADEMARK: CAPTAIN FIN (INDONESIA ) [ID NO. DID2022059314] | UNDETERMINED | | UNDETERMINED |
| 60.20 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071365] | UNDETERMINED | | UNDETERMINED |
| 60.21 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071367] | UNDETERMINED | | UNDETERMINED |
| 60.22 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071371] | UNDETERMINED | | UNDETERMINED |
| 60.23 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071378] | UNDETERMINED | | UNDETERMINED |
| 60.24 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071382] | UNDETERMINED | | UNDETERMINED |
| 60.25 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2023071389] | UNDETERMINED | | UNDETERMINED |
| 60.26 TRADEMARK: ONLY ANCHOR LOGO (INDONESIA ) [ID NO. DID2022071391] | UNDETERMINED | | UNDETERMINED |
| 60.27 TRADEMARK: CAPTAIN FIN CO. (EUIPO) [ID NO. 10865996] | UNDETERMINED | | UNDETERMINED |
| 60.28 TRADEMARK: CIRCLE LOGO (EUIPO) [ID NO. 10866069] | UNDETERMINED | | UNDETERMINED |
| 60.29 TRADEMARK: CAPTAIN FIN CO. (UK) [ID NO. UK00910865996] | UNDETERMINED | | UNDETERMINED |
| 60.30 TRADEMARK: CIRCLE LOGO (UK) [ID NO. UK00910866069] | UNDETERMINED | | UNDETERMINED |
| 60.31 TRADEMARK: CAPTAIN FIN CO. (AUSTRALIA) [ID NO. 1490674] | UNDETERMINED | | UNDETERMINED |
| 60.32 TRADEMARK: CIRCLE LOGO (AUSTRALIA) [ID NO. 1490675] | UNDETERMINED | | UNDETERMINED |
| 60.33 TRADEMARK: CAPTAIN FIN (AUSTRALIA) [ID NO. 2358892] | UNDETERMINED | | UNDETERMINED |
| 60.34 TRADEMARK: ONLY ANCHOR LOGO (AUSTRALIA) [ID NO. 2358893] | UNDETERMINED | | UNDETERMINED |
| 60.35 TRADEMARK: CAPTAIN FIN (USA) [ID NO. 90898152] | UNDETERMINED | | UNDETERMINED |
| 60.36 TRADEMARK: CIRCLE LOGO (USA) [ID NO. 90898155] | UNDETERMINED | | UNDETERMINED |
| 60.37 TRADEMARK: CIRCLE LOGO (USA) [ID NO. 85606952] | UNDETERMINED | | UNDETERMINED |
| 60.38 TRADEMARK: CIRCLE LOGO (USA) [REG NO.4352629] | UNDETERMINED | | UNDETERMINED |
| 60.39 TRADEMARK: CIRCLE LOGO (USA) [ID NO. 98342736] | UNDETERMINED | | UNDETERMINED |
| 60.40 TRADEMARK: OG LOGO (USA) [ID NO. 77568634] | UNDETERMINED | | UNDETERMINED |

# Schedule A/B: Assets - Real and Personal Property

**Part 10:** Intangibles and intellectual property - detail

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.41 TRADEMARK: CPTN (USA) [ID NO. 85603261] | UNDETERMINED | | UNDETERMINED |
| 60.42 TRADEMARK: CAPTAIN FIN CO. (USA) [ID NO. 85603226] | UNDETERMINED | | UNDETERMINED |
| 60.43 TRADEMARK: CAPTAIN FIN CO. (USA) [ID NO. 85603242] | UNDETERMINED | | UNDETERMINED |
| 60.44 TRADEMARK: BACK TO THE BEACH (USA) [ID NO. 86275791] | UNDETERMINED | | UNDETERMINED |
| 60.45 TRADEMARK: BACK TO THE BEACH (USA) [ID NO. 90387510] | UNDETERMINED | | UNDETERMINED |
| 60.46 TRADEMARK: FIRST ANCHOR LOGO (USA) [ID NO. 77825450] | UNDETERMINED | | UNDETERMINED |
| 60.47 TRADEMARK: CAPTAIN FIN (ARGENTINA ) [ID NO. 3617478] | UNDETERMINED | | UNDETERMINED |
| 60.48 TRADEMARK: CIRCLE LOGO (ARGENTINA ) [ID NO. 3617479] | UNDETERMINED | | UNDETERMINED |
| 60.49 TRADEMARK: COMBO CF & LOGO (ARGENTINA ) [REG NO. 2874394] | UNDETERMINED | | UNDETERMINED |
| 60.50 TRADEMARK: COMBO CF & LOGO (ARGENTINA ) [REG NO. 2890348] | UNDETERMINED | | UNDETERMINED |
| 60.51 TRADEMARK: CAPTAIN FIN (BRAZIL ) [REG NO. 912986859] | UNDETERMINED | | UNDETERMINED |
| 60.52 TRADEMARK: CAPTAIN FIN (BRAZIL ) [REG NO. 912986662] | UNDETERMINED | | UNDETERMINED |
| 60.53 TRADEMARK: CIRCLE LOGO (BRAZIL ) [REG NO. 912987073] | UNDETERMINED | | UNDETERMINED |
| 60.54 TRADEMARK: CIRCLE LOGO (BRAZIL ) [REG NO. 912986980] | UNDETERMINED | | UNDETERMINED |
| 60.55 TRADEMARK: COMBO CF & LOGO (BRAZIL ) [REG NO. 910205841] | UNDETERMINED | | UNDETERMINED |
| 60.56 TRADEMARK: CAPTAIN FIN CO. (CHILE) [REG NO. 1104611] | UNDETERMINED | | UNDETERMINED |
| 60.57 TRADEMARK: CIRCLE LOGO (CHILE) [ID NO. 1049003] | UNDETERMINED | | UNDETERMINED |
| 60.58 TRADEMARK: COMBO CF & LOGO (PARAGUAY ) [REG NO. 454444] | UNDETERMINED | | UNDETERMINED |
| 60.59 TRADEMARK: COMBO CF & LOGO (PARAGUAY ) [REG NO. 454445] | UNDETERMINED | | UNDETERMINED |
| 60.60 TRADEMARK: CAPTAIN FIN (URUGUAY ) [REG NO. 491565] | UNDETERMINED | | UNDETERMINED |
| 60.61 TRADEMARK: COMBO CF & LOGO (URUGUAY ) [REG NO. 476455] | UNDETERMINED | | UNDETERMINED |

61. **Internet domain names and websites**

## Schedule A/B: Assets - Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 61.1 LIBERATEDBRANDS.COM | UNDETERMINED | | UNDETERMINED |
| 61.2 HOLYSTOKD.COM | UNDETERMINED | | UNDETERMINED |
| 61.3 LIBERATEDBRANDS.TOOL | UNDETERMINED | | UNDETERMINED |
| 61.4 P4TH.COM | UNDETERMINED | | UNDETERMINED |
| 61.5 CAPTAINFIN.COM | UNDETERMINED | | UNDETERMINED |
| 61.6 CAPTAINFIN.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.7 EU.CAPTAINFIN.COM | UNDETERMINED | | UNDETERMINED |
| 61.8 CAPTAINFIN.JP | UNDETERMINED | | UNDETERMINED |
| 61.9 CAPTAINFIN.CO.UK | UNDETERMINED | | UNDETERMINED |
| 61.10 WWW.DCSHOES.CO.ID | UNDETERMINED | | UNDETERMINED |
| 61.11 WWW.ROXY.CO.ID | UNDETERMINED | | UNDETERMINED |
| 61.12 WWW.QUIKSILVER.CO.ID | UNDETERMINED | | UNDETERMINED |
| 61.13 WWW.QUIKSILVER.CO.TH | UNDETERMINED | | UNDETERMINED |
| 61.14 WWW.DCSHOES.CO.TH | UNDETERMINED | | UNDETERMINED |
| 61.15 WWW.ROXY.CO.TH | UNDETERMINED | | UNDETERMINED |
| 61.16 WWW.ROXY.COM.PH | UNDETERMINED | | UNDETERMINED |
| 61.17 WWW.ROXYAUSTRALIA.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.18 WWW.ROXY-NEWZEALAND.CO.NZ | UNDETERMINED | | UNDETERMINED |
| 61.19 WWW.QUIKSILVER.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.20 WWW.QUIKSILVER.CO.NZ | UNDETERMINED | | UNDETERMINED |
| 61.21 WWW.DCSHOES.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.22 WWW.DCSHOESNEWZEALAND.CO.NZ | UNDETERMINED | | UNDETERMINED |
| 61.23 WWW.BILLABONG.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.24 WWW.RVCA.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.25 WWW.ELEMENTBRAND.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.26 WWW.AMAZONSURF.CO.NZ | UNDETERMINED | | UNDETERMINED |
| 61.27 WWW.SDS.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.28 WWW.KUSTOMFOOTWEAR.COM.AU | UNDETERMINED | | UNDETERMINED |
| 61.29 HTTPS://AU.VONZIPPER.COM | UNDETERMINED | | UNDETERMINED |
| | | | |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 ABG COLLECTIVE, LLC LICENSING AGREEMENT WITH LIBERATED BRAND USA LLC | UNDETERMINED | | UNDETERMINED |
| 62.2 BOARDRIDERS IP HOLDINGS, LLC AND DC SHOES, LLC LICENSING AGREEMENT WITH LIBERATED BRANDS USA LLC | UNDETERMINED | | UNDETERMINED |
| 62.3 ABG BRIGHTON LLC AND BOARDRIDERS WHOLESALE, LLC LICENSING AGREEMENT WITH | UNDETERMINED | | UNDETERMINED |

# Schedule A/B: Assets - Real and Personal Property

| **Part 10:** | Intangibles and intellectual property - detail |
| --- | --- |

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| LIBERATED BRANDS USA LLC | | | |

**63. Customer lists, mailing lists, or other compilations**

| 63.1 CUSTOMER LISTS | UNDETERMINED | | UNDETERMINED |
| --- | --- | --- | --- |

**64. Other intangibles, or intellectual property**

**65. Goodwill**

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

UNDETERMINED

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No.
☑ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.
☑ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

| **Part 11:** | **All other assets** |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| **General Description** | **Current value of debtor's interest** |
| --- | --- |

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

| | |
| --- | --- |
| 77.1 EMPLOYEE RECEIVABLES | $121.95 |
| 77.2 MISAPPLIED CHECK | $38,713.02 |
| 77.3 I/C RECEIVABLE (A/R OTHER) - LIBERATED-SPYDER LLC | $2,031,266.80 |
| 77.4 I/C RECEIVABLE (A/R OTHER) - LIBERATED BRANDS INTERNATIONAL, INC. | $650,000.00 |
| 77.5 I/C RECEIVABLE (A/R OTHER) - LIBERATED BRANDS JAPAN GK | $38,814.00 |
| 77.6 I/C RECEIVABLE (A/R TRADE) - BOARDRIDERS RETAIL, LLC | $29,196,193.46 |
| 77.7 I/C RECEIVABLE (A/R TRADE) - LIBERATED BRANDS CANADA, INC. | $2,631,951.55 |
| 77.8 I/C RECEIVABLE (A/R TRADE) - LIBERATED-SPYDER LLC | $1,300,000.00 |
| 77.9 I/C RECEIVABLE (A/R TRADE) - VOLCOM RETAIL, LLC | $383,402.42 |
| 77.10 I/C RECEIVABLE (A/R TRADE) - VOLCOM, LLC | $380,581.47 |
| 77.11 I/C RECEIVABLE (A/R TRADE) - LIBERATED BRANDS JAPAN GK | $114,194.00 |
| 77.12 I/C RECEIVABLE (A/R TRADE) - QUIKSILVER AUSTRALIA PTY LTD. | $50,143.52 |
| 77.13 I/C RECEIVABLE (A/R TRADE) - LIBERATED BRANDS EUROPE SAS | $44,118.53 |
| 77.14 I/C RECEIVABLE (A/R TRADE) - LIBERATED BRANDS CANADA, INC. | $28,559.89 |
| 77.15 I/C RECEIVABLE (TRANSFER PRICING) - QUIKSILVER AUSTRALIA PTY LTD. | $17,331,024.32 |
| 77.16 I/C RECEIVABLE (TRANSFER PRICING) - LIBERATED BRANDS CANADA, INC. | $1,278,772.06 |

# Schedule A/B: Assets - Real and Personal Property

| Part 11: | All other assets |
|---|---|

| General Description | Current value of debtor's interest |
|---|---|
| 77.17 I/C RECEIVABLE (TRANSFER PRICING) - LIBERATED BRANDS EUROPE SAS | $72,798.73 |
| 77.18 I/C RECEIVABLE (TRANSFER PRICING) - LIBERATED BRANDS JAPAN GK | $72,141.71 |
| 77.19 I/C RECEIVABLE (TRANSFER PRICING) - VOLCOM AUSTRALIA HOLDING COMPANY PTY LTD. | $27,630.32 |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$55,670,427.75**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $1,167,636.35 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $12,784,185.11 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $25,432,535.96 | | |
| 83. Investments. Copy line 17, Part 4. | **UNDETERMINED** | | |
| 84. Inventory. Copy line 23, Part 5. | $25,243,965.92 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $1,250,450.50 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | | |
| 88. Real property. Copy line 56, Part 9. | | $1,934.75 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | $55,670,427.75 | | |
| 91. Total. Add lines 80 through 90 for each column. | $121,549,201.59 **+ UNDETERMINED** | $1,934.75 | |

| | |
|---|---|
| 92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** | **$121,551,136.34** + UNDETERMINED |

| **Fill in this information to identify the case and this filing:** | |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**    **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | |
| 2.1 JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT<br>10 S. DEARBORN, FLOOR 12, IL1-1145<br>CHICAGO, IL 60603<br><sub>1</sub> | ☐ | ☐ | ☐ | DATE: 1/29/2021<br>ABL FACILITY | ☐ ☐ ☐ | $81,826,423.28 | UNDETERMINED |
| | | | | Secured Debt Total: | | **$81,826,423.28** | **UNDETERMINED** |
| **UCC and Other Liens** | | | | | | | |
| 2.2 JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☐ | ☐ | ☐ | DATE: 10/25/2021 | ☑ ☑ ☐ | UNDETERMINED | UNDETERMINED |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**  List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 10 S. DEARBORN, FLOOR 12, IL1-1145 CHICAGO, IL 60603 | | | | UCC LIEN AS DESCRIBED IN FILE NUMBER 20218536394 | | | |

|  |  |  |
|---|---|---|
| **UCC and Other Liens Total:** | **UNDETERMINED** | **UNDETERMINED** |

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    **$81,826,423.28** + UNDETERMINED

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    **List Creditors Who Have Secured Claims**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|

---

**Footnotes - Schedule D Part 1**

1. The amount outstanding listed here is current as of January 31, 2025.

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| 4.1 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: MICHAEL LUSKIN<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0060 | 2.1 | |
| 4.2 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: STEPHAN E. HORNUNG<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0060 | 2.1 | |
| 4.3 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: JODY C. BARILLARE<br>1201 N. MARKET STREET<br>SUITE 2201<br>WILMINGTON, DE 19801 | 2.1 | |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

    ☐ No. Go to Part 2.
    ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.1 ARIZONA DEPARTMENT OF REVENUE PO BOX 29010 PHOENIX, AZ 85038 - 9010 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.2 CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION PO BOX 942879 SACRAMENTO, CA 94279 - 8062 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.3 CALIFORNIA SECRETARY OF STATE 1500 11TH STREET, 2ND FLOOR SACRAMENTO, CA 95814 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.4 CANADA REVENUE AGENCY CONNAUGHT BUILDING 555 MACKENZIE AVENUE, 7TH FLOOR OTTAWA ON K1A 0L5 CANADA | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.5 CITY OF ASPEN SALES AND LODGING TAX RETURN PO BOX 912513 DENVER, CO 80291 - 2513 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.6 CITY OF ASPEN FINANCE DEPARTMENT - BUSINESS LICENSING 427 RIO GRANDE PLACE ASPEN, CO 81611 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.7 CITY OF BOULDER DEPARTMENT OF FINANCE, SALES/USE TAX DIVISION P.O. BOX 791 BOULDER, CO 80306-0791 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.8 CITY OF COSTA MESA | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| ATTN: BUSINESS LICENSE P.O. BOX 1200COSTA MESA, CA 92628-1200 | | | | | |
| 2.9 CITY OF LAKEWOOD REVENUE DIVISION PO BOX 17479 DENVER, CO 80217 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.10 COLORADO DEPARTMENT OF REVENUE 1881 PIERCE ST. LAKEWOOD, CO 80214 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.11 COLORADO DEPARTMENT OF REVENUE REGISTRATION CONTROL SECTION PO BOX 17087 DENVER, CO 80217-0087 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.12 COLORADO SECRETARY OF STATE 1700 BROADWAY, SUITE 550 DENVER, CO 80290 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.13 COMMISSIONER OF REVENUE SERVICES DEPARTMENT OF REVENUE SERVICES P.O. BOX 5030 HARTFORD, CT 06102 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.14 COMPTROLLER OF MARYLAND REVENUE ADMINISTRATION DIVISION 110 CARROLL ST., ANNAPOLIS, MD 21411 - 0001 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.15 COMPTROLLER OF PUBLIC ACCOUNTS P.O. BOX 149354 AUSTIN, TX 78714 - 9354 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.16 CONNECTICUT SECRETARY OF STATE 165 CAPITOL AVENUE SUITE 1000 HARTFORD, CT 06115-0470 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.17 DELAWARE SECRETARY OF STATE DELAWARE DIVISION OF CORPORATIONS 401 FEDERAL STREET, SUITE 4 DOVER, DE 19901 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.18 DEPARTMENT OF FINANCE & ADMINISTRATION P.O. BOX 3861 LITTLE ROCK, AR 72203 - 3861 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.19 DEPARTMENT OF TAXATION P.O. BOX 26627 RICHMOND, VA 23261 - 6627 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.20 DIRECTOR OF REVENUE TAXATION DIVISION P.O. BOX 840 JEFFERSON CITY, MO 65105 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.21 DISTRICT OF COLUMBIA TREASURER DC OFFICE OF TAX AND REVENUE P.O. BOX 96384 WASHINGTON, DC 20090 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.22 DIVISION OF CORPORATIONS IN THE STATE OF FLORIDA P.O. BOX 6327 TALLAHASSEE, FL 32314 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.23 DIVISION OF REVENUE 820 NORTH FRENCH STREET WILMINGTON, DE 19801 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.24 FLORIDA DEPARTMENT OF REVENUE 5050 W. TENNESSEE STREET TALLAHASSEE, FL 32399 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.25 GEORGIA DEPARTMENT OF REVENUE SALES AND USE TAX RETURN PO BOX 105408 ATLANTA, GA 30348 - 5408 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.26 GEORGIA SECRETARY OF STATE 237 COLISEUM DR MACON, GA 31217 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.27 HAWAII BUSINESS REGISTRATION DIVISION, DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS 335 MERCHANT STREET, ROOM 201 HONOLULU, HI 96813 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.28 HAWAII DEPARTMENT OF TAXATION P. O. BOX 1425 HONOLULU, HI 96806 - 1425 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.29 IDAHO SECRETARY OF STATE 450 N. 4TH STREET BOISE ID, 83702 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.30 IDAHO STATE TAX COMMISSION SALES TAX COMMISSION PO BOX 76 BOISE, IDAHO 83707 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.31 ILLINOIS DEPARTMENT OF REVENUE SPRINGFIELD, IL 62736-0001 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.32 ILLINOIS SECRETARY OF STATE 213 STATE CAPITOL SPRINGFIELD, IL 62756 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.33 INDIANA DEPARTMENT OF REVENUE P.O. BOX 7218 INDIANAPOLIS, IN 46207 - 7218 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.34 IOWA DEPARTMENT OF REVENUE SALES/USE TAX PROCESSING PO BOX 10412 DES MOINES, IA 50306 - 0412 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.35 KANSAS DEPARTMENT OF REVENUE P.O. BOX 3506 TOPEKA, KS 66625 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.36 KENTUCKY SECRETARY OF STATE 700 CAPITAL AVE STE. 152 FRANKFORT, KY 40601 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.37 KENTUCKY STATE TREASURER 1050 US HIGHWAY 127 SOUTH, SUITE 100 FRANKFORT, KENTUCKY 40601 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.38 LOUISIANA DEPARTMENT OF REVENUE<br>POST OFFICE BOX 3138 BATON ROUGE, LA 70821 - 3138 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.39 MAINE REVENUE SERVICES<br>PO BOX 1065 AUGUSTA, ME 04332 - 1065 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.40 MASSACHUSETTS DOR<br>PO BOX 419257 BOSTON, MA 02241 - 9257 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.41 MICHIGAN DEPARTMENT OF TREASURY<br>PO BOX 30324 LANSING, MI 48909 - 7824 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.42 MINNESOTA DEPARTMENT OF REVENUE<br>P.O. BOX 64622 ST. PAUL, MN 55164 - 0622 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.43 MINNESOTA SECRETARY OF STATE<br>332 MINNESOTA ST STE N201 SAINT PAUL, MN 55101 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.44 NEBRASKA DEPARTMENT OF REVENUE<br>PO BOX 98923 LINCOLN, NE 68509 - 8923 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.45 NEVADA SECRETARY OF STATE<br>202 N CARSON ST, CARSON CITY, NV 89701 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.46 NEW JERSEY TREASURY DIVISION OF REVENUE AND ENTERPRISE SERVICES<br>PO BOX 452 TRENTON, NJ 08608 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.47 NEW YORK SECRETARY OF STATE<br>ONE COMMERCE PLAZA 99 WASHINGTON AVE ALBANY, NY 12231 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.48 NORTH CAROLINA DEPARTMENT OF REVENUE<br>PO BOX 25000 RALEIGH, NC 27640 - 0700 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.49 NORTH CAROLINA SECRETARY OF STATE<br>2 SOUTH SALISBURY STREET RALEIGH, NORTH CAROLINA 27601-290 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.50 NYS SALES TAX PROCESSING<br>P.O. BOX 15172 ALBANY, NY 12212 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.51 OFFICE OF STATE TAX COMMISSIONER PO BOX 5623 BISMARCK, ND 58506 - 5623 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.52 OKLAHOMA TAX COMMISSION PO BOX 26850 OKLAHOMA CITY, OK 73126 - 0850 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.53 OREGON SECRETARY OF STATE BUSINESS REGISTRY 255 CAPITOL ST. NE, SUITE 151 SALEM OR 97310 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.54 PA DEPARTMENT OF REVENUE BUREAU OF RECEIPTS AND CONTROL DEPARTMENT PO BOX 280406 HARRISBURG, PA 17128 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.55 PENNSYLVANIA STATE TAX COMMISSION PA DEPARTMENT OF REVENUE PO BOX 280905 HARRISBURG PA 17128-0905 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.56 RHODE ISLAND DIVISION OF TAXATION ONE CAPITOL HILL PROVIDENCE, RI 02908 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.57 RHODE ISLAND STATE TAX COMMISSION 148 W. RIVER STREET PROVIDENCE, RI 02904 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.58 RI DIVISION OF TAXATION ATTN: TAX PROCESSING ONE CAPITOL HILL PROVIDENCE, RI 02908 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.59 SC DEPARTMENT OF REVENUE PO BOX 125 COLUMBIA, SC 29214 - 0101 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.60 SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS ONE ASHBURTON PLACE CORPORATIONS DIVISION BOSTON, MA 02108 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.61 SOUTH CAROLINA SECRETARY OF STATE 1205 PENDLETON ST., STE. 525 COLUMBIA, SC 29201 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.62 SOUTH DAKOTA DEPARTMENT OF REVENUE BUSINESS TAX DIVISION 445 E. CAPITOL AVE., PIERRE, SD 57501 - 3100 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.63 STATE OF NEVADA SALES/USE TAX RETURN P.O. BOX 51107 LOS ANGELES, CA 90051 - 5407 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| 2.64 STATE OF NEW JERSEY<br>SALES & USE TAX PO BOX 999 TRENTON, NJ 08646 - 0999 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.65 STATE OF WEST VIRGINIA<br>STATE TAX DEPARTMENT, TAX ACCOUNT ADMINISTRATIVE DIVISION PO BOX 1826 CHARLESTON, WV 25327 - 1826 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.66 TENNESSEE DEPARTMENT OF REVENUE<br>ANDREW JACKSON BUILDING 500 DEADERICK STREET NASHVILLE, TN 37242 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.67 TEXAS FRANCHISE TAX DEPARTMENT<br>TEXAS COMPTROLLER OF PUBLIC ACCOUNTS P.O. BOX 149348 AUSTIN, TX 78714-9348 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.68 THE OFFICE OF THE ILLINOIS SECRETARY OF STATE<br>3851 E MAIN ST ST. CHARLES, IL 60174 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.69 TREASURER OF THE STATE OF OHIO<br>OHIO DEPARTMENT OF TAXATION P.O. BOX 16560 COLUMBUS, OH 43216 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.70 US CUSTOMS AND BORDER PROTECTION<br>1300 PENNSYLVANIA AVE. NW WASHINGTON, DC 20004 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.71 UTAH COMMERCE DIVISION OF CORPORATIONS AND COMMERCIAL CODE<br>160 EAST 300 SOUTH 2ND FLOOR SALT LAKE CITY, UT 84111 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.72 UTAH STATE TAX COMMISSION<br>210 N 1950 W SALT LAKE CITY, UT 84134 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.73 VERMONT DEPARTMENT OF TAXES<br>PO BOX 547 MONTPELIER, VT 05601 - 0547 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.74 VIRGINIA STATE CORPORATION COMMISSION<br>1300 E. MAIN ST. RICHMOND, VA 23219 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.75 WASHINGTON SECRETARY OF STATE CORPORATIONS DIVISION<br>801 CAPITOL WAY S OLYMPIA, WA 98504-1226 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.76 WASHINGTON STATE DEPARTMENT OF REVENUE | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| PO BOX 47464 OLYMPIA, WA 98504 - 7464 | | | | | |
| 2.77 WISCONSIN DEPARTMENT OF REVENUE PO BOX 8921 MADISON, WI 53708 - 8921 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.78 WISCONSIN DEPARTMENT OF REVENUE PO BOX 8902 MADISON, WI 53708-8902 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.79 WYOMING DEPARTMENT OF REVENUE 122 W 25TH ST., SUITE E301 HERSCHLER BUILDING EAST CHEYENNE, WY 82002 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

| 2.  Total: All Creditors with PRIORITY Unsecured Claims | | | | $0.00 | $0.00 |
|---|---|---|---|---|---|

# Schedule E/F: Creditors Who Have Unsecured Claims

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.1 AADAM TEXTILE <br> [REDACTED ADDRESS] | | ☑ ☑ ☐ | TRADE | ☐ | $92,165.45 |
| 3.2 ABG ROYALTY PAYABLES <br> AUTHENTIC BRANDS GROUP LLC <br> 1411 BROADWAY <br> 21ST FLOOR <br> NEW YORK, NY 10018 | | ☑ ☑ ☐ | ROYALTY & OTHER PAYABLES | ☐ | $16,948,065.98 |
| 3.3 ADREM <br> 1405, DIGITAL-RO 121 <br> GEUMCHEON-GU <br> SEOUL, <br> SOUTH KOREA | | ☐ ☐ ☐ | TRADE | ☐ | $154,011.90 |
| 3.4 ALDO US INC <br> 1209 ORANGE ST <br> WILMINGTON, DE 19801 | | ☑ ☑ ☐ | TRADE | ☐ | $55,106.16 |
| 3.5 ALEX SACHAROW <br> C/O JOSHUA B. SWIGART <br> SWIGART LAW GROUP, APC <br> 2221 CAMINO DEL RIO S, STE 308 <br> SAN DIEGO, CA 92108 | | ☑ ☑ ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.6 ALPHA SOURCE, INC. <br> 201 W. 138TH STREET <br> LOS ANGELES, CA 90061 | | ☑ ☑ ☐ | TRADE | ☐ | $1,019,278.05 |
| 3.7 ANHUI AIDO GARMENT CO., LTD. <br> SOUTH OF CHIHE RD., DINGYUAN <br> ECONOMIC DEVELOPMENT ZN <br> ANHUI PROVINCE <br> CHUZHOU CITY, <br> CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $59,975.82 |
| 3.8 ANHUI GARMENTS IMP. & EXP. CO., LTD. <br> RM 1502, NO.436 CHANGJIANG ROAD <br> HEFEI, ANHUI , CHINA 230061 | | ☐ ☐ ☐ | TRADE | ☐ | $9,602.12 |
| 3.9 ANVIL CORPORATION <br> [REDACTED ADDRESS] | | ☑ ☑ ☐ | TRADE | ☐ | $395,385.70 |
| 3.10 AQUA SEA <br> 20003 S. RANCHO WAY <br> RANCHO DOMINGUEZ, CA 90220 | | ☑ ☑ ☐ | TRADE | ☐ | $200,455.85 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.11 ASI GLOBAL LIMITED<br>ALAMEDA DR.<br>CARLOS D ASSUMPCAO NO.181-187,<br>JARDIM BRILHANTISMO, V19<br>MACAO | | ☑ | ☑ | ☐ | TRADE | ☐ | $93,442.74 |
| 3.12 B-HEIM CO. LTD.<br>1302 KOLON DIGITAL TOWER<br>BILLANT II 222-8 GURO3-DONG<br>GURO-GU<br>SEOUL,<br>KOREA | | ☑ | ☑ | ☐ | TRADE | ☐ | $533,381.14 |
| 3.13 B2B INDUSTRIAL PRODUCTS LLC<br>ACORN PAPER PRODUCTS<br>313 S. ROHLWING RD<br>ADDISON, IL 60101 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $120,402.83 |
| 3.14 BAIHO INTERNATIONAL CO., LTD<br>FLAT A112, 1/F, LEE KA<br>INDUSTRIAL BUILDING, 8 NG FONG STREET, SAN PO KONG<br>KOWLOON,<br>HONG KONG | | ☐ | ☐ | ☐ | TRADE | ☐ | $4,320.00 |
| 3.15 BARAHONA AIRBRUSH<br>[REDACTED ADDRESS] | | ☐ | ☐ | ☐ | SERVICES | ☐ | $3,000.00 |
| 3.16 BEACON IMPEX (PVT) LIMITED<br>P-102, JAIL ROAD<br>FAISALABAD, 38000<br>PAKISTAN | | ☐ | ☐ | ☐ | TRADE | ☐ | $120,781.68 |
| 3.17 BECK GREENER LLP<br>FULWOOD HOUSE<br>12 FULWOOD PLACE<br>LONDON, WC1V 6HR<br>UNITED KINGDOM | | ☐ | ☐ | ☐ | TRADE | ☐ | $576.00 |
| 3.18 BECKEN PARTNERS HOLDING LTD<br>SUITE 1001-2, ALBION PLAZA<br>2-6 GRANVILLE ROAD<br>TSIM SHA TSUI<br>KOWLOON,<br>HONG KONG | | ☐ | ☐ | ☐ | TRADE | ☐ | $74,002.60 |
| 3.19 BLUE SAGE ACCESSORIES, LLC.<br>ALYSSA FALSO<br>P.O. BOX 5005-148<br>RANCHO SANTA FE, CA 92067 | | ☑ | ☑ | ☐ | TRADE | ☐ | $13,020.00 |
| 3.20 BOARDRIDERS RETAIL, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $27,105,224.22 |
| 3.21 BRANDWORKS GROUP LLC<br>1708 GAGE ROAD<br>MONTEBELLO, CA 90640 | | ☐ | ☐ | ☐ | TRADE | ☐ | $152,366.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**  List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.22 CAPTAIN FIN CO. LLC<br>ATTN: DANNY GILLIS<br>1642 MILITARY CUTOFF RD<br>WILMINGTON, NC 28403-5716 | | ☑ ☑ ☐ | EARNOUT PAYABLE | ☐ | UNDETERMINED |
| 3.23 CEMIL IPLIK VE TEKSTIL RN. SAN. VE TIC<br>IKITELLI OSB MAH. GIYIM SANATKARLARI SIT. 5A-6A BLOK NO: 216 BASAKSEHIR<br>ISTANBUL, 34490<br>TURKEY | | ☐ ☐ ☐ | TRADE | ☐ | $42,882.00 |
| 3.24 CENTRIC BRANDS LLC & AFFILIATES<br>FIFTH AVENUE, 6TH FLOOR<br>NEW YORK, NY 10118 | | ☑ ☑ ☐ | TRADE | ☐ | $516,970.54 |
| 3.25 CERTITUDE<br>B-64, SECTOR-83,<br>NOIDA, 201305<br>INDIA | | ☐ ☐ ☐ | TRADE | ☐ | $50,160.76 |
| 3.26 CHEP USA<br>5897 WINDWARD PKWY<br>ALPHARETTA, GA 30005 | | ☐ ☐ ☐ | TRADE | ☐ | $4,361.65 |
| 3.27 CONCEPT CLOTHING PRIVATE LIMITED<br>PLOT NO. 528, PACE CITY-II, SE<br>GURGAON, 122004<br>INDIA | | ☑ ☑ ☐ | TRADE | ☐ | $256,420.25 |
| 3.28 CONNECTED INTERNATIONAL INC.<br>5250 W. CENTURY BLVD. STE. 318<br>LOS ANGELES, CA 90045 | | ☐ ☐ ☐ | SERVICES | ☐ | $16,676.39 |
| 3.29 COTON CODE GARMENTS<br>1/14-A, P.N. RD. SHAKTHI NAGAR, BOYAMPALAYAM PIRIVU<br>TAMIL NADU, 641602<br>INDIA | | ☐ ☐ ☐ | TRADE | ☐ | $12,542.22 |
| 3.30 COTTON LINKS APPAREL, LLC<br>1939 S. SUSAN ST<br>SANTA ANA, CA 92704 | | ☑ ☑ ☐ | TRADE | ☐ | $186,536.49 |
| 3.31 CULLIGAN QUENCH<br>630 ALLENDALE ROAD, SUITE 200<br>KING OF PRUSSIA, PA 19406 | | ☐ ☐ ☐ | TRADE | ☐ | $17.55 |
| 3.32 CYMBIO DIGITAL INC<br>P.O. BOX 606, 168 MAIN STREET<br>GOSHEN, NY 10924 | | ☐ ☐ ☐ | TRADE | ☐ | $12,000.00 |
| 3.33 DALIAN RONGTAI TRADING CO., LTD<br>179 ZHONG QING STREET, APT 2-2<br>DALIAN, 116000 | | ☑ ☑ ☐ | TRADE | ☐ | $43,329.49 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| CHINA | | | | | | | |
| 3.34 DAN MERKEL<br>C/O DANIEL QUISENBERRY<br>YOFFE & COOPER, LLP<br>910 HERMOSA AVENUE, SUITE 102<br>HERMOSA BEACH, CA 90254-4416 | | ☑ | ☑ | ☑ | DEMAND LETTER | ☐ | UNDETERMINED |
| 3.35 DAVID ARDOLINO<br>[REDACTED ADDRESS] | | ☐ | ☐ | ☐ | SERVICES | ☐ | $7,753.20 |
| 3.36 DIRECT EDGE MEDIA, INC<br>2900 E WHITE STATE AVE<br>ANAHEIM, CA 92806 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $14,111.81 |
| 3.37 DISCO TECHNOLOGY INC.<br>2261 MARKET STREET, #4742<br>SAN FRANCISCO, CA 94114 | | ☐ | ☐ | ☐ | TRADE | ☐ | $22,242.00 |
| 3.38 DOGREE FASHIONS<br>7075 ROBERT-JONCAS PLACE<br>SUITE 118<br>MONTREAL, QC H4M 2Z2<br>CANADA | | ☐ | ☐ | ☐ | TRADE | ☐ | $483.60 |
| 3.39 DONGYANG YILONG GARMENTS CO LTD<br>NO. 88 HUAIWAN ROUTE<br>WEISHAN INDUSTRIAL ZONE,<br>WEISH<br>DONGYANG, 322109<br>CHINA | | ☑ | ☑ | ☐ | TRADE | ☐ | $1,268,958.41 |
| 3.40 DUBHE CORPORATION<br>CHE-IL BLDG RM 1501, 256-13<br>SEOUL, 04214<br>KOREA | | ☐ | ☐ | ☐ | TRADE | ☐ | $213,975.35 |
| 3.41 EAST END APPAREL<br>C-19, SECTOR 3<br>NOIDA, U.P- 201301<br>NOIDA, 110017<br>INDIA | | ☑ | ☑ | ☐ | TRADE | ☐ | $137,170.14 |
| 3.42 EASTERN MARK ENTERPRISES LTD<br>5F NO 475 SEC 2 TIDING AVE<br>NEIHU DISTRICT<br>TAIPEI, 10499<br>TAIWAN | | ☑ | ☑ | ☐ | TRADE | ☐ | $22,159.70 |
| 3.43 EASTMAN EXPORTS GLOBAL CLOTHING (P) LTD.<br>5/591, SRI LAKSHMI NAGAR<br>PITCHAMPALAYAM PURDUR,<br>TIRUPER<br>641603<br>INDIA | | ☑ | ☑ | ☐ | TRADE | ☐ | $339,708.41 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.44 ENSO LOGISTICS INC.<br>1830 RAYMER AVE<br>FULLERTON, CA 92833 | | ☐ ☐ ☐ | TRADE | ☐ | $90,829.64 |
| 3.45 ESTER INTERNATIONAL ENTERPRISES LIMITED<br>ROOM 809, NO 773, SIPING ROAD<br>330012<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $14,714.50 |
| 3.46 EVER-GLORY (VIETNAM) GARMENT CO. LTD<br>LOT 13, NAM SACH INDUSTRIAL ZONE, AI QUOC COMMUNE<br>HAI DUONG,<br>VIETNAM | | ☐ ☐ ☐ | TRADE | ☐ | $3,176.88 |
| 3.47 EVERGLORY INT GRP APP INC<br>NO. 509 CHENGXIN THOROUGHFARE<br>JIANGNING DEVELOPMENT ZONE<br>NANJING, JIANGSU<br>211100<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $1,302,931.67 |
| 3.48 FABSTRACT CLOTHING INDIA PVT. LTD<br>C-57, HOSIERY COMPLEX PHASE II<br>UTTAR PRADESH<br>NOIDA, 201305<br>INDIA | | ☑ ☑ ☐ | TRADE | ☐ | $63,878.26 |
| 3.49 FANTASTIC FASHION CO., LTD.<br>ROOM 02,21/F,HIP KWAN COMMERCIAL BUILDING, 38 PITT ST<br>YAU MA TEI, KOWLOON<br>KOWLOON,<br>HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $30,514.52 |
| 3.50 FLEXFIT LLC<br>625 COLUMBIA ST.<br>BREA, CA 92821 | | ☑ ☑ ☐ | TRADE | ☐ | $361,248.93 |
| 3.51 FOOK WAH KUN KEE KNITTING FTY. LTD<br>FLAT B, 9/F, PO YIP BUILDING<br>62-70 TEXACO ROAD<br>TSUEN WAN, 999077<br>HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $509,099.54 |
| 3.52 FORTER INC.<br>575 FIFTH AVE<br>NEW YORK, CA 10017 | | ☐ ☐ ☐ | SERVICES | ☐ | $15,963.86 |
| 3.53 FRESH SOURCING PTE LTD.<br>NO. 160, ROBINSON ROAD, # 24-0<br>SINGAPORE, 68914 | | ☐ ☐ ☐ | TRADE | ☐ | $93,074.39 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| SINGAPORE | | | | | |
| 3.54 FUJIAN UPTOP TRADING CO. LTD 18 F, 2HONGFU PLAZA. NO 92 DONGJIE ROAD, FUZHOU CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $380,954.98 |
| 3.55 FULLCHARM KNITTERS LIMITED FLAT D, 6/F, PHASE 5, HONG KON IND. BLDG., CHEUNG SHA WAN RD KOWLOON, HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $241,892.22 |
| 3.56 GALAXY ACTIVE LLC 350 FIFTH AVENUE, 6TH FLOOR NEW YORK, NY 10118 | | ☑ ☑ ☐ | TRADE | ☐ | $191,988.27 |
| 3.57 GOLDIE PR LLC 1704 1/2 GRAFTON ST LOS ANGELES, CA 90026 | | ☐ ☐ ☐ | SERVICES | ☐ | $1,300.00 |
| 3.58 GOOGLE INC. P.O. BOX 883654 LOS ANGELES, CA 90088-3654 | | ☐ ☐ ☐ | SERVICES | ☐ | $422,358.87 |
| 3.59 GRAMTECH KNIT, DYING, FIN. & GARM. IND LTD DAHARGAON, BALIAPARA, RUPGONJ NARAYANGONJ, 1460 BANGLADESH | | ☑ ☑ ☐ | TRADE | ☐ | $1,284,364.64 |
| 3.60 GRANDVIEW DISTRIBUTION 450 MELROSE DR SUITE 122 VISTA, CA 92081 | | ☐ ☐ ☐ | TRADE | ☐ | $857.14 |
| 3.61 GREAT GIANT FIBRE GARMENT CO., LTD 4FL, NO. 73 FU HSING NORTH ROA TAIPEI, 105 TAIWAN | | ☐ ☐ ☐ | TRADE | ☐ | $8,413.28 |
| 3.62 GSS SOURCING (SHANGHAI) LTD. 8F, BLDG 3, ZHUJIANG CHUANGY CENTER, NO.695 LINSHI RD. JINGAN DIST. SHANGHAI, 200072 CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $249.60 |
| 3.63 GXS INC. 29144 NETWORK PLACE CHICAGO, IL 60673-1291 | | ☐ ☐ ☐ | TRADE | ☐ | $9,776.24 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.64 HANGZHOU A & C (HK) INT LTD HANGZHOU CREATIVE DESIGN CENTER B-217, NO. 102, GENSHAN XI ROAD HANGZHOU, 310017 CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $79,806.41 |
| 3.65 HANGZHOU KENS FASHION IMPORT & EXPORT UNIT 3, BLOCK 3, 12TH FLOOR-03 WANGJING BUSINESS CENTER NINGWEI ST. XIAOSHAN DISTRICT HANGZHOU, CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $16,026.41 |
| 3.66 HEATSEEKERS SALES INC. 222-125 VICTORY SHIP WAY NORTH VANCOUVER, BC V7L 0GS CANADA | | ☐ ☐ ☐ | SERVICES | ☐ | $155.99 |
| 3.67 HEDERA INTERNATIONAL TRADING LIMITED ROOM 2, GROUND FLOOR NO 61 MODY ROAD TSIM SHA TSUI HONG KONG | | ☑ ☑ ☐ | TRADE | ☐ | $208,030.00 |
| 3.68 HK SUMNET WATERSPORTS CO., LIMITED UNIT 1402B, 14/F, THE BELGIAN BUILDING, NOS. 721-725 NATHAN MONGKOK KOWLOON, 999077 HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $72,941.15 |
| 3.69 HRITNIK EXPORT PVT. LTD. D-143, HOSIERY COMPLEX PHASE-2 EXTENSION UTTAR PRADESH NOIDA, 201305 INDIA | | ☐ ☐ ☐ | TRADE | ☐ | $18,651.05 |
| 3.70 I-MAR LLC 5150 RANCHO ROAD, HUNTINGTON BEACH, CA 92647 | | ☐ ☐ ☐ | TRADE | ☐ | $133,051.90 |
| 3.71 INDUS INTEX PVT LTD SURVEY NO.13 , SHIVAGANGE VILLAGE, SOMPURA HOBLI NELAMANGALA TALUK BANGALORE RURAL DIST, 562111 INDIA | | ☐ ☐ ☐ | TRADE | ☐ | $163,179.39 |
| 3.72 INFINITY APPARELS LIMITED ROOM 1701, TITAN TOWER, #535 TIANTONG SOUTH ROAD NINGBO, 315199 CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $4,501.42 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.73 INFOR (US), LLC<br>P.O. BOX 847798<br>LOS ANGELES, CA 90084-7798 | | ☐ ☐ ☐ | SERVICES | ☐ | $273,864.00 |
| 3.74 INKWRIGHT, LLC<br>5822 RESEARCH DR.<br>HUNTINGTON BEACH, CA 92649 | | ☐ ☐ ☐ | TRADE | ☐ | $149,978.70 |
| 3.75 INNOVATIVE SYSTEMS LLC<br>P.O. BOX 743722<br>ATLANTA, GA 30374-3722 | | ☐ ☐ ☐ | SERVICES | ☐ | $300.00 |
| 3.76 ISLAM KNIT DESIGNS LTD.<br>153/A, GULSHAN AVENUE<br>RANGS ARCHADE, 5TH FLOOR<br>GULSHAN DHAKA<br>DHAKA, 1212<br>BANGLADESH | | ☑ ☑ ☐ | TRADE | ☐ | $391,793.91 |
| 3.77 J'SON INTERNATIONAL GROUP CO.<br>11/F., AXA CENTRE<br>151 GLOUCESTER RD.<br>WAN CHAI,<br>HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $3,176.25 |
| 3.78 JAMES COMPTON<br>[REDACTED ADDRESS] | | ☐ ☐ ☐ | SERVICES | ☐ | $9.98 |
| 3.79 JASON SANDRU<br>C/O JOSHUA B. SWIGART<br>SWIGART LAW GROUP, APC<br>2221 CAMINO DEL RIO S, STE 308<br>SAN DIEGO, CA 92108 | | ☑ ☑ ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.80 JAY PEE KNIT FAB<br>PLOT 75&78 DLF INDUSTRIAL AREA<br>PHASE I<br>FARIDABAD, 121003<br>INDIA | | ☑ ☑ ☐ | TRADE | ☐ | $783.00 |
| 3.81 JEHSONTEX HONGKONG LIMITED<br>WORKSHOP B2, 25/F<br>TML TOWER, NO. 3<br>HOI SING ROAD<br>TSUEN WAN,<br>HONG KONG | | ☐ ☐ ☐ | TRADE | ☐ | $636,076.99 |
| 3.82 JOHN MCCURLEY<br>C/O JOSHUA B. SWIGART<br>SWIGART LAW GROUP, APC<br>2221 CAMINO DEL RIO S, STE 308<br>SAN DIEGO, CA 92108 | | ☑ ☑ ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.83 KELLY SPICERS INC<br>12202 E. SLAUSON AVE<br>SANTA FE SPRINGS, CA 90670 | | ☐ ☐ ☐ | SERVICES | ☐ | $5,150.32 |
| 3.84 KGS SOURCING LIMITED<br>20/F, LU PLAZA, 2 WING YIP ST. | | ☐ ☐ ☐ | TRADE | ☐ | $54,421.93 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| KWUN TONG, KOWLOON HONG KONG | | | | | | | |
| 3.85 KJ SPORTSWEAR (NANJING) CO., LTD 16F/C, 32 ZHONGYANG ROAD JIANGSU, 224005 CHINA | | ☑ | ☑ | ☐ | TRADE | ☐ | $23,541.84 |
| 3.86 KJ SPORTSWEAR HONG KONG UNIT 1205, 12/F., SINO PLAZA 255 GLOUCESTER RD, CAUSEWAY BAY HONG KONG, 225101 CHINA | | ☐ | ☐ | ☐ | TRADE | ☐ | $5,225.00 |
| 3.87 KLASH (PVT) LTD. 117, J.B, NEAR PAHARAG DRAINAG MILLAT ROAD, DHANOLA FAISALABAD, 37600 PAKISTAN | | ☑ | ☐ | ☑ | TRADE | ☐ | $90,378.89 |
| 3.88 KLASH PVT LTD C/O TANYA M. SCHIERLING SOLOMON WARD SEIDENWURM & SMITH LLP 401 B. STREET, SUITE 1200 SAN DIEGO, CA 92101 | | ☑ | ☑ | ☑ | BREACH OF CONTRACT | ☐ | UNDETERMINED |
| 3.89 KLAVIYO, INC. 125 SUMMER ST FLOOR 6 BOSTON, MA 02111 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $5,677.81 |
| 3.90 LA VIE STUDIO LONDON LTD THE OLD RECTORY EASTLING ROAD, EASTLING FAVERSHAM KENT, ME13 0AN UNITED KINGDOM | | ☐ | ☐ | ☐ | SERVICES | ☐ | $1,950.00 |
| 3.91 LANE SEVEN APPAREL 5082 4TH ST, IRWINDALE, CA 91706 | | ☑ | ☑ | ☐ | TRADE | ☐ | $67,721.00 |
| 3.92 LAPPLE UBELL IP LAW LLP 19800 MACARTHUR BLVD 3RD FLOOR IRVINE, CA 92612 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $255.00 |
| 3.93 LIBERATED AX LLC 1740 MONROVIA AVE COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $71,682.62 |
| 3.94 LIBERATED BRANDS CANADA, INC. 5524 ST-PATRICK, SUITE #570 MONTREAL, QC H4E 1A8 CANADA | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $295,136.50 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 2:** | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 3.95 LIBERATED BRANDS EUROPE SAS BAIA PARK 1 ALLEE BELHARRA ANGLET, 64600 FRANCE | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $13,115.39 |
| 3.96 LIBERATED BRANDS LLC 1740 MONROVIA AVE COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $322,502.21 |
| 3.97 LITTLE ISLAND SALES, LLC 3217 LITTLE ISLAND RD VIRGINIA BEACH, VA 23456 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $7.43 |
| 3.98 LUKE BOYD C/O LAW OFFICE OF DANIEL G. SHAY ATTN DANIEL G. SHAY 2221 CAMINO DEL RIO S, STE 308 SAN DIEGO, CA 92108 | | ☑ | ☑ | ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.99 MACK SALES LLC 943 JOANN ST COSTA MESA, CA 92627 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $299.10 |
| 3.100 MAJESTIC EXPORTS 9 &10, MALLIGAI NAGAR COLLAGE RD., TIRUPUR TAMIL NADU, 641602 INDIA | | ☑ | ☑ | ☐ | TRADE | ☐ | $68,510.15 |
| 3.101 MARCUS PALADINO [REDACTED ADDRESS] | | ☐ | ☐ | ☐ | SERVICES | ☐ | $787.50 |
| 3.102 MASOOD TEXTILE MILLS LTD. P-17/1 NEW CIVIL LINES, BILAL ROAD FAISALABAD, 38000 PAKISTAN | | ☑ | ☑ | ☐ | TRADE | ☐ | $129,204.21 |
| 3.103 MASSIVE GRAPHICS 1621 E. SPRING STREET LONG BEACH, CA 90806 | | ☐ | ☐ | ☐ | TRADE | ☐ | $367,386.07 |
| 3.104 META PLATFORMS, INC. 1601 WILLOW ROAD MENLO PARK, CA 94025 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $393,783.17 |
| 3.105 MICHAEL AALAND HKM EMPLOYMENT ATTORNEYS LLP 600 STEWART ST. SUITE 901 SEATTLE, WA 98101 | | ☑ | ☑ | ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.106 MIN HENG APPAREL LIMITED UNIT 1316, TOWER A REGENT CENTRE | | ☑ | ☑ | ☐ | TRADE | ☐ | $92,968.42 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 63 WOYI HOPROAD, KWAIM CHUNG<br>NEW TERRITORIES,<br>HONG KONG | | | | | |
| 3.107 MONCATA ENTERPRISES<br>44-585 C KANEOHE BAY DR.<br>KANEOHE, HI 96744-2561 | | ☐ ☐ ☐ | SERVICES | ☐ | $60.00 |
| 3.108 MOSS MODELS<br>8033 W. SUNSET BLVD<br>#804<br>HOLLYWOOD, CA 90046 | | ☐ ☐ ☐ | TRADE | ☐ | $3,840.00 |
| 3.109 MOUSE GRAPHICS<br>659 W. 19TH STREET<br>COSTA MESA, CA 92627 | | ☐ ☐ ☐ | SERVICES | ☐ | $122.84 |
| 3.110 MSP GROUP INC.<br>206 W. 140TH ST<br>LOS ANGELES, CA 90061 | | ☐ ☐ ☐ | TRADE | ☐ | $1,386,644.96 |
| 3.111 NADEL<br>DBA JACK NADEL INTERNATIONAL<br>P.O. BOX 8342<br>PASADENA, CA 91109-8342 | | ☐ ☐ ☐ | TRADE | ☐ | $1,995.54 |
| 3.112 NANTONG CAPGLOBAL INTERNATIONAL<br>NO. 16 PUHUANG ROAD<br>CHANGJIANG TOWN<br>RUGAO, 226500<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $87,952.15 |
| 3.113 NEAL PURCHASE<br>[REDACTED ADDRESS] | | ☐ ☐ ☐ | SERVICES | ☐ | $19.00 |
| 3.114 NICOLE MAGGARD<br>C/O JOSHUA B. SWIGART<br>SWIGART LAW GROUP, APC<br>2221 CAMINO DEL RIO S, STE 308<br>SAN DIEGO, CA 92108 | | ☑ ☑ ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |
| 3.115 NINGBO FORNRI IMPORT AND EXPORT<br>RM 1603, NO 258 DIEYUAN ROAD<br>YINZHOU DISTRICT<br>NINGBO, 315013<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $245,368.94 |
| 3.116 NINGBO ISUN FASHION CO, .LTD<br>EAST FENGHUA INDUSTUSTRIAL DEVELOPMENT ZONE<br>ZHEJIANG,<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $800,628.80 |
| 3.117 NINGBO JEHSON TEXTILES<br>13TH FLOOR, BLOCK A1, LI YUAN,<br>SHANG DU BLDG #203 LANTIAN RD. | | ☑ ☑ ☐ | TRADE | ☐ | $463,745.64 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| NINGBO, 315012<br>CHINA | | ☐ ☐ ☐ | | ☐ | |
| 3.118 NINGBO SEDUNO IMP&EXP CO., LTD<br>97 WUJIA ROAD SEDUNO BUILDING<br>HENGTONG PLAZA,HAISHU DISTRICT<br>NINGBO CITY<br>ZHEJIANG PRVOINCE,<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $477,306.61 |
| 3.119 O5 BNG LLC<br>31 W 34TH ST<br>NEW YORK, NY 10001 | | ☑ ☑ ☐ | TRADE | ☐ | $1,744,643.80 |
| 3.120 OPTIMA COTTON WEAR INC.<br>8050 E. CRYSTAL DR.<br>ANAHEIM, CA 92807 | | ☐ ☐ ☐ | TRADE | ☐ | $146,145.80 |
| 3.121 PARACORP INC<br>DBA PARASEC<br>P.O. BOX 160568<br>SACRAMENTO, CA 95816-0568 | | ☐ ☐ ☐ | SERVICES | ☐ | $60.00 |
| 3.122 PERFECTION HANDICRAFT<br>E-38, EPIP, SITE-V, KASNA<br>NOIDA, 201306<br>INDIA | | ☐ ☐ ☐ | TRADE | ☐ | $41,937.69 |
| 3.123 PHONG PHU HOME TEXTILE JSC<br>HANH TRI HAMLET, QUANG SON COMMUNE, NINH SON DIST., NINH THUAN PROVINCE<br>VIETNAM | | ☐ ☐ ☐ | TRADE | ☐ | $1,443.08 |
| 3.124 PLUS APPAREL LIMITED<br>UNIT 06 & 07 15/F GLOBAL GATEWAY TOWER<br>NO.63 WING HONG STREET<br>KOWLOON, HONG KONG, 999077<br>HONG KONG | | ☑ ☑ ☐ | TRADE | ☐ | $173,659.40 |
| 3.125 PODEAN LLC<br>1216 BROADWAY FLOOR 2<br>PMB1002<br>NEW YORK, NY 10001 | | ☐ ☐ ☐ | TRADE | ☐ | $35,562.61 |
| 3.126 PT ANGGUN KREASI GARMENT<br>BAKAL DUKUH, ARGODADI, SEDAYU<br>BANTUL<br>YOGYAKARTA, 55752<br>INDONESIA | | ☐ ☐ ☐ | TRADE | ☐ | $18,391.99 |
| 3.127 PT BUSANA PRIMA GLOBAL<br>JL. MERCEDES BENZ | | ☐ ☐ ☐ | TRADE | ☐ | $176,374.72 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| NO. 223A, CICADAS, GUNUNG PUTRI<br>BOGOR, 16964<br>INDONESIA | | | | | | | |
| 3.128 QTNP APPARELS JSC<br>NO 18. PLOT 8 RESETTLEMENT AREA<br>LONG BIEN WARD<br>HA NOI,<br>VIETNAM | | ☑ | ☑ | ☐ | TRADE | ☐ | $33,476.05 |
| 3.129 QUANZHOU XINHENG OUTDOOR EQUIPMENT<br>ROOM 3014,3015,3016, RUNHUA BLDG.<br>NO 89,TIANHUAI ST FENGZE DIST.<br>QUANZHOU,<br>CHINA | | ☐ | ☐ | ☐ | TRADE | ☐ | $7,306.84 |
| 3.130 QUIKSILVER AUSTRALIA PTY LTD.<br>5 BILLABONG PLACE<br>BURLEIGH WATERS, QLD 4220<br>AUSTRALIA | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $4,157,333.45 |
| 3.131 RETAIL FINANCE INTERNATIONAL HOLDINGS INC.<br>170 W ELECTION RD SUITE 125<br>DRAPER, UT 84020-6425 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $5,949.35 |
| 3.132 RIAAN TEXPORT<br>OLD NO. 23/1, NEW NO. 6<br>YOGAMBAL STREET, T. NAGAR<br>CHENNAI, 600017<br>INDIA | | ☑ | ☑ | ☐ | TRADE | ☐ | $79,520.63 |
| 3.133 ROBERT ANTHONY LARSON<br>[REDACTED ADDRESS] | | ☐ | ☐ | ☐ | SERVICES | ☐ | $3.00 |
| 3.134 ROBERT MENA<br>C/O JASON J. KIM, JASON YOON, KEVIN HONG<br>SO. CAL. EQUAL ACCESS GROUP<br>101 S. WESTERN AVE., SECOND FLOOR<br>LOS ANGELES, CA 90004 | | ☑ | ☑ | ☑ | CIVIL RIGHTS VIOLATIONS | ☐ | UNDETERMINED |
| 3.135 ROBINSON HILL ARCHITECTURE INC<br>3195 B AIRPORT LOOP DRIVE<br>COSTA MESA, CA 92626 | | ☐ | ☐ | ☐ | TRADE | ☐ | $1,925.00 |
| 3.136 RODERICK KERFOOT<br>C/O JOSHUA B. SWIGART<br>SWIGART LAW GROUP, APC<br>2221 CAMINO DEL RIO S, STE 308<br>SAN DIEGO, CA 92108 | | ☑ | ☑ | ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.137 RUDONG KNITIT FASHION ACCESSORIES<br>NO18, HUAGNHE ROAD<br>RUDONG COUNTY, NANTONG CITY<br>JIANGSU PROVINCE<br>226400<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $52,322.40 |
| 3.138 S. CHEER HK CO., LIMITED<br>ROOM 803, LIPPO SUN PLAZA<br>28 CANTON ROAD<br>TSIM SHA TSUI<br>HONG KONG, 999077<br>HONG KONG | | ☑ ☑ ☐ | TRADE | ☐ | $165,613.92 |
| 3.139 SENCHUANG FASHION SHANGHAI CO., LTD<br>ROOM 605, NO. 105, TIANLIN ROAD<br>SHANGHAI, 200233<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $433,916.47 |
| 3.140 SHEICO (PHNOM PENH) CO., LTD.<br>NATIONAL ROAD #3, SANGKAT PORN<br>KHAN DANGKOR<br>PHNOM PENH, 12101<br>CAMBODIA | | ☐ ☐ ☐ | TRADE | ☐ | $9,634.28 |
| 3.141 SHEICO (SHEI CHUNG HSIN) CO., LTD.<br>NO. 27, LN. 128, XIHE 1ST RD<br>WUJIE TOWNSHIP<br>YILAN COUNTY<br>26847<br>TAIWAN | | ☑ ☑ ☐ | TRADE | ☐ | $230,220.56 |
| 3.142 SHEICO (THAILAND) CO., LTD<br>88/8 MOO 4 MARBYANGPORN<br>PLUAKDANG (CITY), RAYONG (PROVINCE), 21140<br>THAILAND | | ☐ ☐ ☐ | TRADE | ☐ | $904,970.51 |
| 3.143 SHEICO (VIETNAM) CO., LTD.<br>LOT L1, N5 ROAD,<br>DONG NAM INDUSTRIAL PARK BINH<br>MY COMMUNE CHU CHI DISTRICT<br>HO CHI MINH CITY,<br>VIETNAM | | ☐ ☐ ☐ | TRADE | ☐ | $117,710.77 |
| 3.144 SHELLEY A. LAUGHERY<br>THE LAW OFFICE OF KEVIN LEMIEUX<br>APC 2221 CAMINO DEL RIO SOUTH SUITE 308 | | ☑ ☑ ☑ | INVASION OF PRIVACY | ☐ | UNDETERMINED |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| SAN DIEGO, CA 92108 | | | | | | | |
| 3.145 SHELLEY DUSEK<br>C/O BORA S. KAYAN, ESQUIRE<br>MORGAN & MORGAN TAMPA, P.A.<br>2222 SOUTH TAMIAMI TRAIL, 2ND FLOOR<br>SARASOTA, FL 34239 | | ☑ | ☑ | ☑ | PERSONAL INJURY | ☐ | UNDETERMINED |
| 3.146 SIERRA RAEQUEL BROWN<br>C/O LAW OFFICES OF ROBERT ALLEN KOENIG & ASSOCIATES<br>877 S. VICTORIA AVE, SUITE #111<br>VENTURA, CA 93003 | | ☑ | ☑ | ☑ | PERSONAL INJURY | ☐ | UNDETERMINED |
| 3.147 SLICKDEALS LLC<br>6010 S. DURANGO DRIVE<br>STE 100<br>LAS VEGAS, NV 89113 | | ☐ | ☐ | ☐ | SERVICES | ☐ | $1,100.00 |
| 3.148 SRINIVASA FASHIONS PVT LTD<br>NUNGAMBAKKAM HIGH ROAD<br>NUNGAMBAKKAM FLAT NO 1A REGENCY<br>APARTMENTS NO 5 FIRST LANE<br>TAMIL NADU, 600034<br>INDIA | | ☐ | ☐ | ☐ | TRADE | ☐ | $62,964.93 |
| 3.149 STEPHEN WHITE- SWSI INC<br>[REDACTED ADDRESS] | | ☐ | ☐ | ☐ | SERVICES | ☐ | $53.96 |
| 3.150 SUMEC TEXTILE AND LIGHT INDUSTRY CO<br>13F, 198 CHANGJLANG ROAD<br>NANJING, 210018<br>CHINA | | ☐ | ☐ | ☐ | TRADE | ☐ | $118,702.78 |
| 3.151 TANYA IMPEX<br>[REDACTED ADDRESS] | | ☑ | ☑ | ☐ | TRADE | ☐ | $601,105.48 |
| 3.152 TEAM MANUFACTURING COMPANY LTD<br>ABC HERITAGE (4TH & 5TH FLOOR)<br>2 & 4 JASHIMUDDIN AVENUE<br>SECTOR-3, UTTARA<br>DHAKA,<br>BANGLADESH | | ☑ | ☑ | ☐ | TRADE | ☐ | $427,755.60 |
| 3.153 TOP NEW GARMENTS MFG. LTD.<br>#336 JIAN SHE EAST ROAD,<br>SHIWAN<br>BOLUO HUIZHOU<br>GUANGDONG PROVINCE<br>HUIZHOU,<br>CHINA | | ☐ | ☐ | ☐ | TRADE | ☐ | $91,988.40 |
| 3.154 UBIQUITY, LLC<br>PAUL DANCHAK | | ☐ | ☐ | ☐ | SERVICES | ☐ | $172.50 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 19 SYCAMORE LANE<br>SAUNDERSTOWN, RI 02874 | | | | | |
| 3.155 UNICORN LEATHER GOODS FACTORY LTD<br>NO. 67 ZHENXING ROAD<br>SHILING TOWN, HUADU DIST.<br>GUANGZHOU, 510850<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $412,746.73 |
| 3.156 UNIS TRANSPORTATION<br>6800 VALLEY VIEW ST<br>BUENA PARK, CA 90620 | | ☑ ☑ ☐ | SERVICES | ☐ | $1,350,000.00 |
| 3.157 VOLCOM, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ ☑ ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $24,453,211.76 |
| 3.158 WAI LENG GARMENT FACTORY<br>RUE DE FRANCISCO XAVIER<br>PEREIRA NOS 137-145<br>INDUSTRIAL POU FUNG 5<br>ANDAR B, 999078<br>MACAO | | ☐ ☐ ☐ | TRADE | ☐ | $833,108.13 |
| 3.159 WEIFANG YIDE FASHION CO., LTD<br>NO. 1506 ,YINQUAN PLAZA<br>N0.13936 JIANKANG EAST STREET<br>KUIWEN DISTRICT, SHANDONG<br>WEIFANG, 261041<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $247.65 |
| 3.160 WEIHAI BEST ARTS & CRAFTS CO., LTD.<br>ROOM 818, NO. 183 CULTURE WEST<br>ROAD, TORCH HI-TECH ZONE<br>WEIHAI, 264209<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $40,188.56 |
| 3.161 WEIHAI TEXTILE GROUP IMPORT & EXPORT<br>NO. 186A-1 WEST WENHUA ROAD<br>WEIHAI<br>SHANDONG,<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $448,636.42 |
| 3.162 WENZHOU LOOSTAR LEATHER PRODUCT<br>ROOM A8, 188 LANJIANG RD.<br>ECONOMIC AND TECHNOLOGICAL<br>DEVELOPMENT ZONE<br>ZHEJIANG<br>WENZHOU,<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $19,201.57 |
| 3.163 WUXI HONGDOU SPORTS<br>HONGDOU INDUSTRIAL CITY | | ☐ ☐ ☐ | TRADE | ☐ | $66,854.40 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| DONGGANG TOWN, XISHAN DIST. WUXI CITY, CHINA | | ☑ ☑ ☐ | | | |
| 3.164  X BORDER, LLC<br>2675 CUSTOMHOUSE CT, STE A<br>SAN DIEGO, CA 92154 | | ☑ ☑ ☐ | SERVICES | ☐ | $56,595.88 |
| 3.165  YAT FUNG INTL INDUSTRIAL LTD<br>UNIT 803, PING FAI INDUSTRIAL<br>312 UN CHAU STREET,<br>CHEUNG SHA WAN, KOWLOON<br>999077<br>HONG KONG | | ☑ ☑ ☐ | TRADE | ☐ | $911,057.83 |
| 3.166  YOTPO INC<br>400 LAFAYETTE STREET<br>4TH FLOOR<br>NEW YORK, NY 10003 | | ☐ ☐ ☐ | SERVICES | ☐ | $76,500.00 |
| 3.167  YU YANG CORPORATION<br>3RD FLOOR, MIRAE BUILDING<br>43-1, JIDO-RO, DEOGYANG-GU,<br>GOYANG-SI, 10510<br>KOREA | | ☐ ☐ ☐ | TRADE | ☐ | $200,000.00 |
| 3.168  ZHEJIANG AUTUMNWELL<br>LEATHERWARE CO., LTD<br>BUILDING NO.1, LANGZHEN<br>INDUSTRIAL ZONE ANHUA TOWN<br>ZHEJIANG PROVINCE<br>ZHUJI CITY,<br>CHINA | | ☑ ☑ ☐ | TRADE | ☐ | $225,168.85 |
| 3.169  ZHEJIANG SUNSHINE FASHION<br>CO, LTD<br>ROOM211, #B, NO.500, JUCAI<br>ROAD<br>BINJIANG DISTRICT, HANGZHOU<br>ZHEJIANG<br>CHINA | | ☐ ☐ ☐ | TRADE | ☐ | $44,858.40 |

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**      $101,960,669.37 + UNDETERMINED

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:** List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|
| 4.1 LUKE BOYD<br>C/O JOSHUA B. SWIGART<br>SWIGART LAW GROUP, APC<br>2221 CAMINO DEL RIO S, STE 308<br>SAN DIEGO, CA 92108 | 3.98 | |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | |
| --- | --- | --- |
| 5a. | **Total claims from Part 1** | **$0.00**<br>+ UNDETERMINED |
| 5b. | **Total claims from Part 2** | **$101,960,669.37**<br>+ UNDETERMINED |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **$101,960,669.37**<br>+ UNDETERMINED |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **All Other Contracts** | | | | | |
| 2.1 SUMMARY OF COMMERCIAL TERMS DATED 01-01-2023 | | | ☐ | ABG COLLECTIVE, LLC | C/O AUTHENTIC BRANDS GROUP LLC 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |
| 2.2 LETTER AMENDMENT TO VOLCOM AGREEMENT AND BOARDRIDERS AGREEMENT DATED 09-01-2024 | | | ☐ | ABG VOLCOM, LLC | 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |
| 2.3 SUMMARY OF COMMERCIAL TERMS DATED 01-01-2022 | | | ☐ | ABG-PRINCE, LLC | 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.4 LETTER AMENDMENT TO SPYDER, VOLCOM AND BOARDRIDERS AGREEMENTS DATED 12-01-2023 | | | ☐ | ABG-VOLCOM, LLC SPYDER ACTIVE SPORTS, INC. | 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |
| 2.5 RENEWAL ORDER FORM DATED 09-25-2024 | | | ☐ | ASANA, INC. | 633 FOLSOM STREET SUITE 100 SAN FRANCISCO, CA 94107 |
| 2.6 TERM SHEET - BOARDRIDERS TRANSACTION DATED 05-02-2023 | | | ☐ | AUTHENTIC BRANDS GROUP LLC | 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |
| 2.7 ARTWORK LICENSE DATED 07-30-2023 | | | ☐ | [REDACTED NAME] | [REDACTED ADDRESS] |
| 2.8 PROPOSAL TO CONFIRM THE DETAILS AND COMMITMENT BETWEEN LIBERATED BRANDS AND ATHLETE BETTYLOU SAKURA JOHNSON DATED 12-01-2023 | | | ☐ | BETTYLOU SAKURA JOHNSON | [REDACTED ADDRESS] |
| 2.9 BILLABONG MASTER USE & SYNCH LICENSE DATED JULY 1ST 2024 | | | ☐ | BUZ CLATWORTHY/R.M.F.C | [REDACTED ADDRESS] |
| 2.10 SUPPLY AGREEMENT DATED 04-01-2024 | | | ☐ | CENTRIC BRANDS LLC | ATTN: JOSEPH FAVUZZA 350 FIFTH AVENUE 6TH FLOOR NEW YORK, NY 10118 |
| 2.11 AMENDMENT 14 TO THE STATEMENT OF WORK BETWEEN LIBERATED BRANDS USA LLC AND CHANNELADVISOR CORPORATION DATED 04-01-2023 | | | ☐ | CHANNELADVISOR CORPORATION | 3025 CARRINGTON MILL BOULEVARD SUITE 500 MORRISVILLE, NC 27560 |
| 2.12 AGREEMENT SIDE LETTER DATED 11-01-2023 | | | ☐ | CHIPPA WILSON | [REDACTED ADDRESS] |
| 2.13 BILLABONG MASTER USE & SYNCH LICENSE DATED JULY 1ST 2024 | | | ☐ | CLINT GILMORE | [REDACTED ADDRESS] |
| 2.14 STATEMENT OF WORK #1 DATED 01-24-2024 | | | ☐ | CLUTCH HOLDINGS LLC | PO BOX 2135 HORSHAM, PA 19044 |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.15 ORDER FORM DATED 04-23-2024 | | | ☐ | CYMBIO DIGITAL INC. | ATTN: ROY AVIDOR<br>168 MAIN STREET<br>GOSHEN, NY 10924 |
| 2.16 LIBERATED MANUFACTURER CONFIRMATION | | | ☐ | ECLAT TEXTILE CO., LTD. | NO. 738, ZHONGYANG RD.<br>XONZHUANG DIST.<br>NEW TAIPEI CITY, 242<br>TAIWAN |
| 2.17 AMENDMENT AGREEMENT #2 DATED 03-27-2024 | | | ☐ | EPIDEMIC SOUND US INC. | 79 WALKER STREET<br>NEW YORK, NY 10013 |
| 2.18 AMENDMENT AGREEMENT #1 DATED 02-27-2024 | | | ☐ | EPIDEMIC SOUND US INC. | 79 WALKER STREET<br>NEW YORK, NY 10013 |
| 2.19 AMENDED AND RESTATED MASTER BUYING AGENCY AGREEMENT DATED 11-27-2024 | | | ☐ | GLOBAL SUSTAINABLE SOURCING LTD. | RYKADAN CAPITAL TOWER<br>135 HOI BUN ROAD<br>20TH FLOOR<br>KWUN TONG, KOWLOON,<br>HONG KONG |
| 2.20 RETAILER ACCOUNT APPLICATION AND AGREEMENT DATED 03-06-2024 | | | ☐ | HAWAIIAN ISLAND CREATIONS, INC. | 345 HAHANI ST.<br>KAILUA, HI 96734 |
| 2.21 LIBERATED MANUFACTURER CONFIRMATION DATED 03-07-2023 | | | ☐ | HIP SHUN PACKING PRODUCTS LIMITED | RM. 9, 14/F., BLK. A, WAH SANG IND. BLDG.<br>14-18 WONG CHUK YEUNG ST.,<br>FOTAN<br>SHATIN,<br>HONG KONG |
| 2.22 CHANGE ORDER LIBERATED BRANDS: POST GO LIVE CSV ENHANCEMENTS | | | ☐ | INFOR (US), LLC | PO BOX 847798<br>LOS ANGELES, CA 90084-7798 |
| 2.23 CHANGE ORDER LIBERATED BRANDS: LICENSEE ORDER PROCESSING - FULL FINISHED GOODS DATED 02-23-2024 | | | ☐ | INFOR (US), LLC | PO BOX 847798<br>LOS ANGELES, CA 90084-7798 |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.24 INSURANCE AND LIABILITY ACKNOWLEDGEMENT DATED 03-08-2024 | | | ☐ | INSTARAMP | 1822 LEEWARD LN NEPTUNE BEACH, FL 32266 |
| 2.25 JOSIE PRENDERGAST SIGNATURE PRODUCTS SIDE LETTER DATED 11-01-2022 | | | ☐ | JOSIE PRENDERGAST | [REDACTED ADDRESS] |
| 2.26 AMENDMENT TO PLEDGE AND SECURITY AGREEMENT DATED 07-16-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.27 PHOTO AND VIDEO FOOTAGE LICENSE DATED 09-25-2024 | | | ☐ | KEVIN CASTLE PHOTOGRAPHY | [REDACTED ADDRESS] |
| 2.28 MANUFACTURING TERMS AND CONDITIONS DATED 10-26-2023 | | | ☐ | KIDO INDUSTRIAL CO., LTD | KIDO INDUSTRIAL CO LTD 395 GONGHANG-DAERO SEOUL |
| 2.29 PTC CUSTOMER AGREEMENT DATED 12-30-2021 | | | ☐ | PTC, INC. | 121 SEAPORT BLVD SUITE 1700 BOSTON, MA 02210 |
| 2.30 LETTER AMENDMENT TO SPYDER, VOLCOM AND BOARDRIDERS AGREEMENTS DATED 12-01-2023 | | | ☐ | SPYDER ACTIVE SPORTS, INC. | 1740 MONROVIA AVENUE COSTA MESA, CA 92627 |
| 2.31 LETTER AMENDMENT TO SPYDER, VOLCOM AND BOARDRIDERS AGREEMENTS DATED 01-01-2021 | | | ☐ | SPYDER ACTIVE SPORTS, INC. | 1411 BROADWAY 21ST FLOOR NEW YORK, NY 10018 |
| 2.32 LETTER AGREEMENT DATED 05-10-2024 | | | ☐ | USA LEGWEAR LLC | 1411 BROADWAY 2ND FLOOR NEW YORK, NY 10018 |

### Brand Ambassador Agreement

| | | | | | |
|---|---|---|---|---|---|
| 2.33 AMBASSADOR AGREEMENT DATED 01-01-2024 | | | ☐ | ALEXIS REN | [REDACTED ADDRESS] |
| 2.34 BRAND AMBASSADOR AGREEMENT DATED 03-01-2023 | | | ☐ | BARRETT MILLER | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.35 BRAND AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | BARRETT MILLER | [REDACTED ADDRESS] |
| 2.36 ATHLETE BRAND AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | CONNOR PRADOSS | [REDACTED ADDRESS] |
| 2.37 BRAND AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | JESSE GUGLIEMANA | [REDACTED ADDRESS] |
| 2.38 BRAND AMBASSADOR AGREEMENT DATED 03-01-2023 | | | ☐ | JESSE GUGLIEMANA | [REDACTED ADDRESS] |
| 2.39 ATHLETE BRAND AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | JULIANA COLPAS | [REDACTED ADDRESS] |
| 2.40 AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | LOGAN BEDIAMOL | [REDACTED ADDRESS] |
| 2.41 BRAND AMBASSADOR AGREEMENT DATED 05-01-2024 | | | ☐ | MITCH ABSHERE | [REDACTED ADDRESS] |
| 2.42 BRAND AMBASSADOR AGREEMENT DATED 04-01-2023 | | | ☐ | MITCH ABSHERE | [REDACTED ADDRESS] |
| 2.43 ATHLETE BRAND AMBASSADOR AGREEMENT DATED 03-01-2024 | | | ☐ | STELLA VALDEZ | [REDACTED ADDRESS] |

### Credit Agreement

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.44 ELEVENTH AMENDMENT TO CREDIT AGREEMENT DATED 11-05-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.45 THIRD AMENDMENT TO CREDIT AGREEMENT DATED 09-03-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.46 TENTH AMENDMENT TO CREDIT AGREEMENT DATED 08-08-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | IRVINE, CA 92614 |
| 2.47 SIXTH AMENDMENT TO CREDIT AGREEMENT AND WAIVER DATED 05-22-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.48 TWELFTH AMENDMENT TO CREDIT AGREEMENT DATED 01-24-2025 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.49 CREDIT AGREEMENT DATED 01-29-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.50 SECOND AMENDMENT TO CREDIT AGREEMENT DATED 08-16-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.51 FIRST AMENDMENT TO CREDIT AGREEMENT DATED 06-30-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.52 FIFTH AMENDMENT TO CREDIT AGREEMENT DATED 07-28-2022 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.53 FOURTH AMENDMENT TO CREDIT AGREEMENT DATED 11-01-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.54 EIGHTH AMENDMENT TO CREDIT AGREEMENT DATED 12-19-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.55 SEVENTH AMENDMENT TO CREDIT AGREEMENT DATED 09-26-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.56 NINTH AMENDMENT TO CREDIT AGREEMENT DATED 05-29-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |

**Endorsement Agreement**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.57 ATHLETE ENDORSEMENT AGREEMENT DATED 12-01-2023 | | | ☐ | BETTYLOU SAKURA JOHNSON | [REDACTED ADDRESS] |
| 2.58 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | BRODIN SALE | [REDACTED ADDRESS] |
| 2.59 ATHLETE ENDORSEMENT AGREEMENT DATED 06-01-2024 | | | ☐ | CLAYTON MARZO | [REDACTED ADDRESS] |
| 2.60 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | EITHAN OSBORNE | [REDACTED ADDRESS] |
| 2.61 CAPTAIN FIN ENDORSEMENT AND ROYALTY AGREEMENT DATED 06-08-2023 | | | ☐ | JUSTIN QUINTAL | [REDACTED ADDRESS] |
| 2.62 ATHLETE ENDORSEMENT AGREEMENT DATED 01-01-2024 | | | ☐ | KEPA MENDIA | [REDACTED ADDRESS] |
| 2.63 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | ROBERT KELLY | [REDACTED ADDRESS] |
| 2.64 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | ROBERT KELLY | [REDACTED ADDRESS] |
| 2.65 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | SKY & OCEAN PRODUCTIONS, INC. | [REDACTED ADDRESS] |
| 2.66 ATHLETE ENDORSEMENT AGREEMENT DATED 11-01-2023 | | | ☐ | TYLER WARREN | [REDACTED ADDRESS] |
| 2.67 LETTER RE: CAPTAIN FIN ENDORSEMENT AND ROYALTY AGREEMENT DATED 07-01-2023 | | | ☐ | YAGO ABBAS DORA | [REDACTED ADDRESS] |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Lease Agreement** | | | | | |
| 2.68 EXHIBIT B GUARANTEE OF LEASE DATED 09-26-2023 | | | ☐ | IRVINE SPECTRUM CENTER LLC | 603 SPECTRUM CENTER DRIVE IRVINE, CA 92618 |
| 2.69 THIRD AMENDMENT TO LEASE DATED 05-07-2024 | | | ☐ | LEVON INVESTMENTS, LLC | 200 E. CARRILLO STREET SUITE 200 SANTA BARBARA, CA 93101 |
| 2.70 REQUEST FOR CONSENT TO ASSIGNMENT OF LEASE DATED 09-13-2023 | | | ☐ | MAS AND SMS INVESTMENTS, LP | ATTN: MICHAEL STEINER 1560 SUPERIOR AVENUE A-2 COSTA MESA, CA 92627 |
| 2.71 CONSENT TO SUBLEASE DATED 03-22-2024 | | | ☐ | PR II/MCC SOUTH COAST PROPERTY OWNER, LLC | C/O PR/II MCC SOUTH COAST VENTURE, LLC, MCCARTHY COOK VENTURES XIII, LLC ATTN: STEVE CAMPION |
| **License Agreement** | | | | | |
| 2.72 DESIGN LICENSE AGREEMENT DATED 03-01-2024 | | | ☐ | ANDY DAVIS | [REDACTED ADDRESS] |
| 2.73 AMENDMENT NO. 1 TO LICENSE AGREEMENT DATED 01-01-2024 | | | ☐ | BOARDRIDERS IP HOLDINGS, LLC | 1740 MONROVIA AVENUE COSTA MESA, CA 92627 |
| 2.74 SUMMARY OF COMMERCIAL TERMS | | | ☐ | BOARDRIDERS IP HOLDINGS, LLC | 1740 MONROVIA AVENUE COSTA MESA, CA 92627 |
| 2.75 ASSIGNMENT AND ASSUMPTION AGREEMENT DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD WILMINGTON, NC 28403-5716 |
| 2.76 BILL OF SALE DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD WILMINGTON, NC 28403-5716 |
| 2.77 DOMAIN NAME TRANSFER AGREEMENT DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD WILMINGTON, NC 28403-5716 |
| 2.78 DISCLOSURE SCHEDULE DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | PO BOX 1673 WRIGHTSVILLE BEACH, NC 28480 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.79 ASSET PURCHASE AGREEMENT DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD<br>WILMINGTON, NC 28403-5716 |
| 2.80 TRADEMARK ASSIGNMENT AGREEMENT DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD<br>WILMINGTON, NC 28403-5716 |
| 2.81 TRANSITION SERVICES AGREEMENT DATED 06-13-2022 | | | ☐ | CAPTAIN FIN CO. LLC | 1642 MILITARY CUTOFF RD<br>WILMINGTON, NC 28403-5716 |
| 2.82 MUSIC LICENSE SUBSCRIPTION AGREEMENT DATED 02-27-2023 | | | ☐ | EPIDEMIC SOUND US INC. | ATTN: VICTOR NECK<br>79 WALKER STREET<br>NEW YORK, NY 10013 |
| 2.83 ASSIGNMENT OF LICENSE AND PURCHASE AGREEMENT DATED 07-28-2022 | | | ☐ | FIN-S TECH, LLC | 707 FOXPOINT CIRCLE<br>DELRAY BEACH, FL 33445 |
| 2.84 COLLABORATION AGREEMENT DATED 04-01-2024 | | | ☐ | HERITAGE SURF INC. [HERITAGE SURF AND SPORT INC.] | ATTN: KEVIN MORRIS<br>9223 VENTNOR AVE<br>MARGATE, NJ 08402 |
| 2.85 SUMMARY OF COMMERCIAL TERMS | | | ☐ | LIBERATED BRANDS USA LLC | 1740 MONROVIA AVENUE<br>COSTA MESA, CA 92627 |
| 2.86 COLLABORATION LICENSE AGREEMENT DATED 03-01-2024 | | | ☐ | MAMI WATA INTERNATIONAL LTD | 4 WILKES STREET<br>LONDON, E16QF<br>UNITED KINGDOM |

**Purchase Agreement**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.87 ARTWORK/PHOTOGRAPHIC PURCHASE AGREEMENT DATED 05-17-2024 | | | ☐ | LA VIE STUDIO LONDON | LA VIE STUDIO<br>10 SELWYN AVENUE<br>LONDON, E4 9LR<br>UNITED KINGDOM |
| 2.88 ARTWORK PURCHASE AGREEMENT DATED 01-06-2024 | | | ☐ | TY WILLIAMS | [REDACTED ADDRESS] |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Services Ageement** | | | | | |
| 2.89 FIRST AMENDMENT TO TRANSITION SERVICES AGREEMENT DATED 04-15-2024 | | | ☐ | ABG-BRIGHTON LLC | C/O AUTHENTIC BRANDS GROUP LLC<br>1411 BROADWAY<br>21ST FLOOR<br>NEW YORK, NY 10018 |
| 2.90 PHOTO SERVICES AGREEMENT DATED 08-14-2024 | | | ☐ | ADRIAN MARTIN | [REDACTED ADDRESS] |
| 2.91 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | ALEXANDRE SIROIS | [REDACTED ADDRESS] |
| 2.92 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ☐ | AMAZING GRAVY, INC | [REDACTED ADDRESS] |
| 2.93 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ☐ | ASHLEY CORTÉS GIACHETTI | [REDACTED ADDRESS] |
| 2.94 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST 2024 | | | ☐ | AVERY CLOUGH | [REDACTED ADDRESS] |
| 2.95 CONSULTING SERVICES AGREEMENT DATED 12-11-2023 | | | ☐ | AXE MANAGEMENT LLC | 27068 LA PAZ RD.<br>SUITE #655<br>ALISO VIEJO, CA 92656 |
| 2.96 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | BENJAMIN HALL | [REDACTED ADDRESS] |
| 2.97 SERVICES CONTRACT DATED 05-04-2024 | | | ☐ | BIDNAMIC INC | MABGATE BUSINESS CENTRE<br>99 MABGATE<br>LEEDS, LS9 7DR<br>UNITED KINGDOM |
| 2.98 ARTWORK SERVICES/PURCHASE AGREEMENT DATED 08-26-2024 | | | ☐ | BILL REBHOLZ [WILLIAM RYLAND REBHOLZ DBA BILL REBHOLZ ILLUSTRATION] | [REDACTED ADDRESS] |
| 2.99 VIDEOGRAPHER SERVICES AGREEMENT DATED 05-03-2024 | | | ☐ | BLAINE SUQUE | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.100 VIDEOGRAPHER SERVICES AGREEMENT DATED 10-01-2024 | | | ❑ | BLAINE SUQUE | [REDACTED ADDRESS] |
| 2.101 VIDEOGRAPHER SERVICES AGREEMENT DATED 09-25-2024 | | | ❑ | BRANDON JENSEN | [REDACTED ADDRESS] |
| 2.102 PHOTO AND VIDEO SERVICES AGREEMENT DATED 08-14-2024 | | | ❑ | BRYDIE WATSON | [REDACTED ADDRESS] |
| 2.103 PHOTO AND VIDEO SERVICES AGREEMENT DATED 09-19-2024 | | | ❑ | [REDACTED NAME] | [REDACTED ADDRESS] |
| 2.104 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | CHAD MITCHELL | [REDACTED ADDRESS] |
| 2.105 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ❑ | CHRISTOPHER SMITH | [REDACTED ADDRESS] |
| 2.106 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED 08-15-2024 | | | ❑ | CLINT GRAHAM | [REDACTED ADDRESS] |
| 2.107 SOFTWARE LICENSE AND MASTER SERVICES AGREEMENT DATED 01-24-2024 | | | ❑ | CLUTCH HOLDINGS LLC | ATTN: MARK POLLOCK PO BOX 2135 HORSHAM, PA 19044 |
| 2.108 VIDEOGRAPHER SERVICES AGREEMENT DATED 09-24-2024 | | | ❑ | COLE YAMANE | [REDACTED ADDRESS] |
| 2.109 PHOTO SERVICES AGREEMENT DATED 06-26-2024 | | | ❑ | COLIN SUSSINGHAM | [REDACTED ADDRESS] |
| 2.110 CONSULTING SERVICES AGREEMENT DATED 03-04-2024 | | | ❑ | CORINNE MAYER | [REDACTED ADDRESS] |
| 2.111 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ❑ | CYRUS LI | [REDACTED ADDRESS] |
| 2.112 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | DANIEL NICHOLS | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.113 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | DANIELLE ECKER | [REDACTED ADDRESS] |
| 2.114 PHOTO SERVICES AGREEMENT DATED 06-18-2024 | | | ❑ | DENISE BOVEE | [REDACTED ADDRESS] |
| 2.115 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | DORI DUTTON | [REDACTED ADDRESS] |
| 2.116 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | DREW HAWKSHAW | [REDACTED ADDRESS] |
| 2.117 PHOTO SERVICES AGREEMENT DATED 06-10-2024 | | | ❑ | ERIK AEDER | [REDACTED ADDRESS] |
| 2.118 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ❑ | ERIK MAKI | [REDACTED ADDRESS] |
| 2.119 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | ERIN BOUCHARD | [REDACTED ADDRESS] |
| 2.120 CONSULTING SERVICES AGREEMENT DATED 01-01-2024 | | | ❑ | FARAZ MOZAFARIAN | [REDACTED ADDRESS] |
| 2.121 CONSULTING SERVICES AGREEMENT DATED 01-01-2024 | | | ❑ | GARY ROGERS | [REDACTED ADDRESS] |
| 2.122 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | GLEN GARLAND | [REDACTED ADDRESS] |
| 2.123 ADDENDUM TO SERVICES AGREEMENT DATED 04-18-2024 | | | ❑ | GLOBAL-E US INC. | ATTN: MATTHEW MERRILEES 10 E. 33RD STREET FLOOR 12 NEW YORK, NY 10016 |
| 2.124 PHOTO SERVICES AGREEMENT DATED 09-10-2024 | | | ❑ | GRANT PUCKETT | [REDACTED ADDRESS] |
| 2.125 PHOTO SERVICES AGREEMENT DATED 03-08-2024 | | | ❑ | GRANT PUCKETT [GRANT PUCKETT PHOTO, INC.] | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.126 SAAS SERVICES AGREEMENT DATED 07-01-2024 | | | ☐ | HYPOTENUSE TECHNOLOGIES PTE. LTD. | 71 AYER RAJAH CRESCENT #05-07 SINGAPORE, 139951 SINGAPORE |
| 2.127 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | JAMIE CRAIG | [REDACTED ADDRESS] |
| 2.128 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | JAY LARSON | [REDACTED ADDRESS] |
| 2.129 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED 04-30-2024 | | | ☐ | JAY WILLIAMS | [REDACTED ADDRESS] |
| 2.130 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ☐ | JOHN GILLI & ASSOC INC | 160 BEAR HILL RD WALTHAM, MA 02451 |
| 2.131 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | JULIA CROUCH | [REDACTED ADDRESS] |
| 2.132 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ☐ | KEN HUNT (KFH ENTERPRISES INC) | [REDACTED ADDRESS] |
| 2.133 AMENDED & RESTATED SERVICE ORDER DATED 07-01-2023 | | | ☐ | KLAVIYO, INC. | 125 SUMMER STREET 6TH FLOOR BOSTON, MA 02110 |
| 2.134 AMENDED & RESTATED SERVICE ORDER NO. 00000705 DATED 12-19-2023 | | | ☐ | KLAVIYO, INC. | ATTN: ERIC VERSO 125 SUMMER STREET, 6TH FLOOR BOSTON, MA 02110 |
| 2.135 MASTER SERVICES AGREEMENT DATED 07-01-2022 | | | ☐ | KLAVIYO, INC. | 125 SUMMER STREET FLOOR 6 BOSTON, MA 02110 |
| 2.136 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ☐ | LATISHA LOCKEN | [REDACTED ADDRESS] |
| 2.137 MANAGED SERVICE AGREEMENT (JUNE 1, 2024-MARCH 31, 2027) DATED 06-01-2024 | | | ☐ | LIBERATED BRANDS USA LLC | 1740 MONROVIA AVE COSTA MESA, CA 92627 |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.138 PHOTO SERVICES AGREEMENT DATED 06-01-2024 | | | ❑ | LOUISE MAURISSET | [REDACTED ADDRESS] |
| 2.139 PHOTO SERVICES AGREEMENT DATED 09-19-2024 | | | ❑ | MARK OBLOW | [REDACTED ADDRESS] |
| 2.140 PHOTO SERVICES AGREEMENT DATED 06-25-2024 | | | ❑ | MARK OBLOW | [REDACTED ADDRESS] |
| 2.141 PHOTO SERVICES AGREEMENT DATED 10-10-2024 | | | ❑ | MEGAN COSTELLO | [REDACTED ADDRESS] |
| 2.142 PHOTO SERVICES AGREEMENT DATED 06-24-2024 | | | ❑ | MEGAN COSTELLO | [REDACTED ADDRESS] |
| 2.143 VIDEOGRAPHER SERVICES AGREEMENT DATED 06-17-2024 | | | ❑ | MIKE ITO PHOTOGRAPHY | [REDACTED ADDRESS] |
| 2.144 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | MIKE NEVILLE | [REDACTED ADDRESS] |
| 2.145 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | MIKE REDPATH | [REDACTED ADDRESS] |
| 2.146 SUPPLY SERVICES AGREEMENT DATED 11-01-2023 | | | ❑ | NA PALI SAS | 162 RUE BELHARRA ST JEAN DE LUZ, 64500 FRANCE |
| 2.147 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | NICOLE K. ANDRADE | [REDACTED ADDRESS] |
| 2.148 SUPPLY SERVICES AGREEMENT DATED 04.09.2024 | | | ❑ | OLGARLAR SPOR MALZEMELERI TURIZM ILAN REKLAM AJANSLIGI YAYINCILIK VE TIC. A.S | ULUS MAHALLESI ÖZTOPUZ CADDESI NO:30 BESIKTAS/ISTANBUL, TURKEY |
| 2.149 CONSULTING SERVICES AGREEMENT DATED 08-28-2023 | | | ❑ | OUT OF CHARACTER VENTURES LLC | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.150 MASTER SERVICE AGREEMENT DATED 05-01-2024 | | | ❑ | PASSERELLE CORPORATION | 22 MONUMENT SQUARE SUITE 202 PORTLAND, ME 04101 |
| 2.151 SERVICES SCHEDULE DATED 05-01-2024 | | | ❑ | PASSERELLE CORPORATION | 22 MONUMENT SQUARE SUITE 202 PORTLAND, ME 04101 |
| 2.152 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | PAT ECKER | [REDACTED ADDRESS] |
| 2.153 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MARCH 1ST, 2024 | | | ❑ | PHILIP PENDLETON | [REDACTED ADDRESS] |
| 2.154 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | PIPER BROWN | [REDACTED ADDRESS] |
| 2.155 MASTER SERVICES AGREEMENT DATED 06-01-2024 | | | ❑ | PODEAN LLC | 1216 BROADWAY FLOOR 2 PMB 1002 NEW YORK, NY 10001 |
| 2.156 IMAGE EDITING SERVICE AGREEMENT DATED 04-18-2024 | | | ❑ | PT PIPPELINE TECHNOLOGIES INDONESIA | JI. MERUYA ILIR NO. 88, BUSINESS PARK KEBON JERUK, BLOK E1-10 MERUYA UTARA, KEMBANGAN JAKARTA BARAT DKI JAKARTA, 11620 INDONESIA |
| 2.157 PHOTO SERVICES AGREEMENT DATED 06-23-2024 | | | ❑ | QUINN MATTHEWS | [REDACTED ADDRESS] |
| 2.158 PHOTO SERVICES AGREEMENT DATED 06-18-2024 | | | ❑ | SARAH LEE | [REDACTED ADDRESS] |
| 2.159 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | SCOTT BOUCHARD | [REDACTED ADDRESS] |
| 2.160 CONSULTING SERVICES AGREEMENT DATED 07-15-2024 | | | ❑ | SEAN HETHERINGTON | [REDACTED ADDRESS] |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.161 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | SEAN MOODY | [REDACTED ADDRESS] |
| 2.162 PHOTOGRAPHIC SERVICES AGREEMENT DATED 12-01-2023 | | | ❑ | SHANE RYAN GRACE | [REDACTED ADDRESS] |
| 2.163 AMENDMENT NO. 1 TO CONSULTING SERVICES AGREEMENT DATED 01-01-2024 | | | ❑ | SKYLAR BRENT | [REDACTED ADDRESS] |
| 2.164 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | STEPHEN WHITE | [REDACTED ADDRESS] |
| 2.165 SERVICES AGREEMENT DATED 05-01-2024 | | | ❑ | THE LEVY GROUP, INC. | 1333 BROADWAY<br>9TH FLOOR<br>NEW YORK, NY 10018 |
| 2.166 SCHEDULE TO SERVICES AGREEMENT CAPTAIN FIN DATED 04-06-2023 | | | ❑ | TPE ACQUISITION, LLC [WHIPLASH] | ATTN: GENERAL COUNSEL, SUPPLY CHAIN SOLUTIONS<br>11690 NW 105TH STREET<br>MIAMI, FL 33178 |
| 2.167 UNIS, LLC STANDARD AGREEMENT FOR LOGISTICS SERVICES DATED 11-14-2023 | | | ❑ | UNIS, LLC | 2677 EAST ALESSANDRO BLVD.<br>RIVERSIDE, CA 92508 |
| 2.168 PHOTO SERVICES AGREEMENT DATED 09-18-2024 | | | ❑ | WILL ADLER | [REDACTED ADDRESS] |
| 2.169 PHOTO SERVICES AGREEMENT DATED 08-29-2024 | | | ❑ | WILL ADLER | [REDACTED ADDRESS] |
| 2.170 ADDENDUM 1 TO CONTACT CENTER SERVICE AGREEMENT (ADMINISTRATIVE SERVICES) DATED 10-16-2023 | | | ❑ | X BORDER, LLC, D/B/A XB CONTACT CENTER SOLUTIONS | 8115 ST. ANDREWS AVENUE<br>SAN DIEGO, CA 92154 |
| 2.171 INDEPENDENT SALES REPRESENTATIVE AGREEMENT DATED MAR. 1, 2024 | | | ❑ | YVONNE CAMPBELL | [REDACTED ADDRESS] |

**Sponsorship Agreement**

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.172 SPONSORSHIP TERMINATION AGREEMENT DATED 02-16-2024 | | | ☐ | KADE RUOTOLO | [REDACTED ADDRESS] |

**Subscription Agreement**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.173 SALES ORDER # 6 TO SHOPIFY PLUS MASTER SUBSCRIPTION AGREEMENT DATED 10-20-2023 | | | ☐ | SHOPIFY INC. | 151 O'CONNOR ST GROUND FLOOR OTTAWA, ONTARIO K2P 2L8 CANADA |
| 2.174 SALES ORDER # 5 TO SHOPIFY PLUS MASTER SUBSCRIPTION AGREEMENT DATED 10-23-2023 | | | ☐ | SHOPIFY INC. | 151 O'CONNOR ST GROUND FLOOR OTTAWA, ON K2P 2L8 CANADA |
| 2.175 SALES ORDER # 4 TO SHOPIFY PLUS MASTER SUBSCRIPTION AGREEMENT DATED 10-23-2023 | | | ☐ | SHOPIFY INC. | 151 O'CONNOR ST GROUND FLOOR OTTAWA, ON K2P 2L8 CANADA |
| 2.176 SHOPIFY PLUS MASTER SUBSCRIPTION AGREEMENT DATED 10-23-2023 | | | ☐ | SHOPIFY INC. | 151 O'CONNOR ST GROUND FLOOR OTTAWA, ON K2P 2L8 CANADA |
| 2.177 SALES ORDER # 3 TO SHOPIFY PLUS MASTER SUBSCRIPTION AGREEMENT DATED 10-23-2023 | | | ☐ | SHOPIFY INC. | ATTN: BOBBY MORRISON 151 O'CONNOR ST GROUND FLOOR OTTAWA, ON K2P 2L8 CANADA |

**Vendor Agreement**

## Schedule G: Executory Contracts and Unexpired Leases

| Part 1: |
|---|

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.178 DOMESTIC VENDOR AGREEMENT 2024 DATED 01-01-2024 | | | ☐ | DICK'S SPORTING GOODS, INC. | 345 COURT STREET CORAOPOLIS, PA 15108 |

| Total number of contracts | 178 |
|---|---|

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206H

# Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

**Secured Debt**

| | | | | | |
|---|---|---|---|---|---|
| 2.1 | BOARDRIDERS RETAIL, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.2 | LIBERATED AX LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.3 | LIBERATED BRANDS AUSTRALIA PTY LTD<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.4 | LIBERATED BRANDS CANADA, INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.5 | LIBERATED BRANDS INTERNATIONAL, INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.6 | LIBERATED BRANDS LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.7 | LIBERATED-SPYDER LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |
| 2.8 | QUIKSILVER AUSTRALIA PTY LTD<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ | ☐ | ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.9 UG MANUFACTURING CO (NZ)<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.10 UG MANUFACTURING CO. PTY. LTD.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.11 VOLCOM AUSTRALIA HOLDING COMPANY PTY LIMITED<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.12 VOLCOM CANADA INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.13 VOLCOM RETAIL OUTLETS, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.14 VOLCOM RETAIL, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.15 VOLCOM, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

**Total Number of Co-Debtor / Creditor Rows**        **15**

| Fill in this information to identify the case and this filing: |  |
|---|---|
| Debtor Name: | Liberated Brands USA LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10169 (JKS) |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

| **Part 1:** | **Summary of Assets** |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

**$1,934.75**

1b. **Total personal property:**
Copy line 91A from Schedule A/B

**$121,549,201.60**
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

**$121,551,136.35**
+ UNDETERMINED

| **Part 2:** | **Summary of Liabilities** |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**$81,826,423.28**
+ UNDETERMINED

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

**$0.00**

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

**$101,960,669.37**
+ UNDETERMINED

4. **Total liabilities**
Lines 2 + 3a + 3b

**$183,787,092.65**
+ UNDETERMINED

| **Fill in this information to identify the case and this filing:** |
|---|

Debtor Name: _____ Liberated Brands USA LLC _____

United States Bankruptcy Court: _____ THE DISTRICT OF DELAWARE _____

Case Number (if known): _____ 25-10169 (JKS) _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 3/11/2025 _____

**Signature:** /s/ Todd Hymel _____

Todd Hymel, Founder and Chief Executive Officer, Liberated Brands LLC
_____
**Name and Title**