# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LIBERATED BRANDS LLC, *et al.* | § § | Case No. 25-10168 (JKS) |
| Debtors | § § § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

## Volcom Retail, LLC

## CASE NO. 25-10176 (JKS)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIBERATED BRANDS LLC, *et al.*,[1] | ) | Case No. 25-10168 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

Liberated Brands LLC ("<u>Liberated</u>") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), are filing their respective *Schedules of Assets and Liabilities* (each, a "<u>Schedule</u>" and, collectively, the "<u>Schedules</u>") and *Statements of Financial Affairs* (each, a "<u>Statement</u>" or "<u>SOFA</u>" and, collectively, the "<u>Statements</u>" or "<u>SOFAs</u>") with the United States Bankruptcy Court for District of Delaware (the "<u>Bankruptcy Court</u>") pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Liberated Brands LLC (2718); Boardriders Retail, LLC (0505); Liberated AX LLC (1537); Liberated Brands International, Inc. (4439); Liberated Brands USA LLC (3827); Liberated-Spyder LLC (9831); Volcom Retail Outlets, LLC (1493); Volcom Retail, LLC (9045); and Volcom, LLC (6919). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1740 Monrovia Ave, Costa Mesa, CA 92627.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not, and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Todd Hymel, Chief Executive Officer of the Debtors, and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Hymel has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Mr. Hymel has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; *provided* that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.    The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on February 2, 2025 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    On February 4, 2025, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 68].  On February 18, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 124].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  No trustee or examiner has been appointed in these chapter 11 cases.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission**.  Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by any of the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly, including with respect to claim description and designation.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute and to

assert setoff rights, offsets, counterclaims, and defenses to any claim reflected on their respective Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c.    **Recharacterization**.    The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.    Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.    Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.    **Classifications**.    Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured priority," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

e.    **Estimates and Assumptions**.    To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.    The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.    **Causes of Action**.    Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.    The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at Law, in equity, or otherwise.    Causes of action also include:    (i) all rights of setoff, counterclaim, or recoupment, and claims under contracts or for breaches of duties imposed by law

or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.   **Intellectual Property Rights**.   Exclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.   Conversely, inclusion of any intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned, or otherwise transferred pursuant to a sale, acquisition, or other transaction.   The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner or interest holder, however, in some instances, intellectual property owned or licensed by one Debtor may, in fact, be owned or licensed by another.   Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.   **Insiders**.   In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.   Such individuals may no longer serve in such capacities.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code.   Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual or entity exercised management responsibilities or functions, (iii) corporate decision-making authority over the Debtors, or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) any other purpose.   Furthermore, certain of the individuals or entities identified as

insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

i.    **AI**.  In certain situations, the Debtors and/or the Debtors' advisors may have used artificial intelligence and/or machine learning technology ("<u>AI</u>") to prepare the information included in the Schedules and Statements.  AI has many benefits, including the ability to review large amounts of data in a relatively short period of time, and generate complex output based upon such data.  However, AI technology has inherent limitations and can produce inaccurate results.  In all cases where AI was utilized, the Debtors and/or the Debtors' advisors used reasonable efforts to ensure human review of the final content.  However, inaccuracies may occur and consequently no assurances can be made regarding the information derived based upon AI technology that was included in the Schedules and Statements.

4.    <u>**Methodology**</u>.

a.    **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for the Debtors and their non-Debtor affiliates.   The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.   Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.   Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets

shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b.  **Reporting Date**. To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the Debtors' asset data as of December 31, 2024, the date of the Debtors' month-end closure to their balance sheet prior to Petition Date, and the Debtors' liability data herein represents the liability data of the Debtors as of the Petition Date, adjusted with liability data as of March 3, 2025, for authorized payments under the First Day Orders (as defined herein), unless otherwise specified.

c.  **Confidentiality or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, names and other information), or concerns for the privacy of the Debtors' creditors and clients. The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.  **Intercompany Claims**. Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records. As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately twenty-eight bank accounts, all of which are owned and controlled by the Debtors.

---

[3]  Such as the *Interim Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers and (B) Redact Certain Personally Identifiable Information of Individuals, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief* [Docket No. 90] (the "Interim Creditor Matrix Order").

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "<u>Intercompany Transactions</u>") in the ordinary course of business, which resulted in intercompany receivables and payables (the "<u>Intercompany Claims</u>").  The Debtors maintain records of the Intercompany Claims and Intercompany Transactions.    Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 197] (the "<u>Final Cash Management Order</u>"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein.  The intercompany balances set forth in Schedule A/B and Schedule E/F are as of December 31, 2024, and may not accurately reflect current positions as Debtors continue to engage in and reconcile Intercompany Transactions.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted per the Debtors' books and records.  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records.  The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a Claim, an Interest, or not all allowed at all.

In addition, certain of the Debtors act on behalf of other Debtors.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.    **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.    Where guarantees have been identified, they have been included in Schedule D, E/F, or H, as applicable, for the affected Debtor(s).  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify

additional guarantees as they continue to review their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

f.    **Excluded Assets and Liabilities.**    The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, including: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

g.    **Duplication**.    Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

h.    **Net Book Value of Assets**.    In many instances, current market valuations are not maintained by, nor readily available to, the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of December 31, 2024, are presented for all assets, unless otherwise indicated. Market values may vary, sometimes materially, from net book values. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

i.    **Currency**.    All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

j.    **Payment of Prepetition Claims Pursuant to First Day Orders**.    Following the Petition Date, the Court entered various orders authorizing (but not directing) the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs

and supplemental workforce obligations); (iv) taxes and assessments; and (v) critical vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by any Court-approved, postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

k. **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary or appropriate to avoid overpayment or duplicate payment for such liabilities.

l. **Setoffs**. The Debtors routinely incur setoffs, net payments, and other similar rights in the ordinary course of business. Such setoffs and nettings arise from various transactions or items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes or agreements between the Debtors and their customers or vendors. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners. These normal, ordinary course setoffs and nettings are common in the wholesale industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

m. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value.

n. **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an

amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any such prepetition obligations that are known to the Debtors have been listed on Schedule E/F, and the underlying lease agreements are listed on Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

o.    **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  Uniform Commercial Code ("UCC") liens as of the Petition Date, if any, are listed on Schedule D.  Certain UCC liens that the Debtors believe are no longer valid may also attach to such inventories, property, and equipment.

p.    **Insurance**.  The Debtors have not set forth insurance policies as assets or executory contracts in the Schedules and Statements.  Information regarding the Debtors' insurance policies is set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance, Surety Coverage, and Letters of Credit Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, Surety Bonds, and Letter of Credit, and (C) Continue to Pay Broker Fees, and (II) Granting Related Relief* [Docket No. 8] (the "Insurance Motion").

q.    **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

r.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent

there are items listed with unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

s.    **Unliquidated Claim Amounts**.    Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

t.    **Credits and Adjustments**.    The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same, or apply such allowances or adjustments in the ordinary course of business on a postpetition basis.

u.    **Claims of Third-Party Related Entities**.    While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

v.    **Individual Addresses**.    Personal addresses of individuals including current and former employees and directors have been removed from entries listed throughout the Schedules and Statements, where applicable, pursuant to the Interim Creditor Matrix Order.

## Specific Schedules Disclosures.

## Part 1 - Cash and Cash Equivalents

a.    **Schedule A/B-2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Cash Management System and bank accounts are provided in the Cash Management Motion and Final Cash Management Order. A full schedule of the Debtors' bank accounts is included in the Cash Management Motion. Additionally, the Bankruptcy Court, pursuant to the *Final Order (I) Approving the Debtors Proposed Adequate Assurance of Payment for Future*

*Utility Services, (II) Approving the Debtors Proposed Procedures for Resolving Additional Assurance Requests, (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, and (IV) Granting Related Relief* [Docket No. 191] (the "Final Utility Order"), authorized the Debtors to deposit an adequate assurance payment for future utility services. As this deposit did not exist on the Petition Date, Debtors have excluded this account and the corresponding balance funded in accordance with the Final Utility Order from Schedule A/B, Part 2.

The Debtors' cash balances are listed as of the close of business on January 31, 2025.

b. **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries and partnerships have been listed in Schedule A/B, Part 4. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors do not have any ownership interests in any joint ventures.

c. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

d. **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of depreciation, amortization, impairments, and other adjustments, as applicable. Additionally, the Debtors may receive refunds for sales and use tax and/or other taxes at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B. Intercompany receivables due from debtor entities also have been listed in Schedule A/B, Part 11.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.* In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Executory Contracts and Unexpired Leases.* Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of

such documents, the Debtors have not listed such agreements on Schedule A/B as assets.  Instead, the Debtors have only listed such agreements on Schedule G.

e.    **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Interim DIP Orders.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights.

f.    **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 – Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 193] (the "Final Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Final Taxes Order are not listed in Schedule E.  The Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

Furthermore, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 82] (the "First Interim Wages Order") and the *Second Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 220] (the "Second Interim Wages Order" and, together with the First Interim Wages Order, the "Interim Wages Orders"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the

ordinary course of business; *provided* that until entry of a final order granting such relief is obtained, the Debtors have not and will not make any payments under the Non-Insider Retention Bonus Program (as defined in the Wages Orders) to any employee who is owed in excess of $10,000 under the Non-Insider Retention Bonus Program.  The Debtors believe that there are no prepetition amounts owed to any employee in excess of $10,000 under the Non-Insider Retention Bonus Program.  The Debtors believe that any non-disputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied.  Accordingly, such amounts are not listed.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 – Creditors with Nonpriority Unsecured Claims.***  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation and/or formal demands involving the Debtors.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on Debtor Liberated Brands LLC Schedules, as applicable.  In addition, the Debtors' insurance may cover personal injury claims in part or in full.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligation to, amend Schedules D and E/F if and as they receive such invoices.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such gift cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules.

Liabilities listed on Schedules E/F reflect the Debtors' book and records balances of prepetition liabilities as of the Petition Date and are inclusive of certain prepetition balances that were paid after the Petition Date pursuant various First Day Orders. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these cases. Consequently, any such supplier amounts as of March 3, 2025, have been marked as contingent and unliquidated on Schedule E/F.

g.   **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, may reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms of such agreements. In such cases, Debtors have included such items on Schedule G of Liberated Brands USA LLC.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D only.

h.   **Schedule H – Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees, if any, reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of business, the Debtors may become subject to pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. The Debtors have not listed any litigation-related co-debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

**5.   Specific Statements Disclosures.**

a.   **Statements, Part 1, Question 1.** Revenue is presented on a net basis.

b.   **Statements, Part 2, Questions 3 and 4.** Prior to the Petition Date, the Debtors maintained the Cash Management System through which certain Debtors made

payments on behalf of certain Debtor affiliates and certain non-debtor affiliates, as further explained in the Cash Management Motion.  Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by one of the Debtors or Debtor affiliates from operating bank accounts on behalf of the corresponding Debtor, pursuant to the Cash Management System described in the Cash Management Motion.

To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

c.    **Statements, Part 2, Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(l) of these Global Notes.

d.    **Statements, Part 6, Question 11.**  All disbursements listed in Statement 11 were initiated and disbursed either by Volcom LLC and/or Liberated Brands USA LLC but were for the benefit of all Debtors.

e.    **Statements, Part 6, Question 13.**  With respect to Statement Question 13 for the SOFAs for Debtors Liberated Brands LLC and Liberated Brands International, Inc., certain transfers to ABG-Brighton LLC, QS Holdings S.à r.l, and Authentic Brands Group LLC represent the total consideration to fund the acquisition.  Such consideration included both cash and the incurrence of unsecured debt by the Debtors.  This unsecured debt is reflected on Schedules E/F for Liberated Brands LLC and Liberated Brands International, Inc.

f.    **Statements, Part 9, Question 17.**  With respect to the SOFAs for Debtors Volcom, LLC, Volcom Retail, LLC, and Volcom Retail Outlets, LLC the Debtors changed the name of the 401(k) plan from the Volcom, LLC 401(k) Plan to the Liberated Brands, LLC 401(k) Plan.

g.    **Statements, Part 11, Question 21 – Property Held for Another.**  The Debtors are obligated under various agreements and programs to remit certain funds held for third parties to such parties and have received authorization to do so under the *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors and Lien Claimants and (II) Granting Related Relief* [Docket No. 189], the Interim Wages Orders, and the Final Taxes Order.  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

Statement Question 21 with respect to the SOFA for Debtor Volcom, LLC (line item 21.1) includes proceeds of certain assets transferred to Q4D LLC ("Q4D") in a prepetition transaction that have been collected by the Debtors since the Petition

Date.   Nothing in the Schedules and Statements determines or affects any entitlements of any person or entity in respect of such amounts.

As provided for in the Interim DIP Orders, as and when the Debtors identify proceeds of AR and Inventory (each as defined in the Q4D TAA) (as defined in the Interim DIP Orders), the Debtors shall within one business day thereafter notify the DIP Secured Parties and Q4D of the same, including the amount of such proceeds and backup documentation supporting the calculation of such amount, and the DIP Secured Parties shall within two business days thereafter fund an amount equal to the amount of such proceeds so identified by the Debtors into a segregated account with the DIP Agent (the "Specified Segregated Account"); *provided*, that the DIP Secured Parties shall not be required to fund any amount in excess of $4,000,000 into such Specified Segregated Account under the Interim Orders; *provided, further*, that if and when the amount funded or required to be funded into the Specified Segregated Account exceeds $3,000,000, absent agreement of the Debtors, the DIP Secured Parties and Q4D, the Debtors shall be required to return to the Court on an expedited basis to obtain further relief.   The rights, privileges, and defenses of all parties with respect to any legal entitlement to the funds in the Specified Segregated Account, including the amount required to be funded into such Specified Segregated Account, are fully reserved.   Absent agreement among the Debtors, the DIP Secured Parties, and Q4D, or further order of the Court, the funds in the Specified Segregated Account or any valid and senior legal entitlement of Q4D with respect to such AR and Inventory, regardless of whether in the Specified Segregated Account, (i) shall not be subject to the DIP Liens or Adequate Protection Liens; and (ii) shall not be transferred out of the Specified Segregated Account.

Nothing in the Schedules and Statements in any way prejudices or impairs any of Q4D's rights, privileges, claims, causes of action, remedies, defenses, or interests against the Debtors, the DIP Secured Parties, the Pre-Petition Secured Parties, or any other party, related to or arising under the Q4D Transaction, the Q4D Transactions Documents, the Consent, the AR and Inventory (and proceeds thereof, whether collected or received pre- or postpetition), or otherwise.

Nothing in the Schedules and Statements in any way prejudices or impairs any rights, privileges, claims, causes of action, remedies, defenses, or interests of the Debtors, the DIP Secured Parties, the Prepetition Secured Parties, or any other party in relation to the Q4D Transaction, the Q4D Transactions Documents, the Consent, the AR and Inventory (and proceeds thereof, whether collected or received pre- or postpetition) and Q4D's asserted entitlement thereto, or otherwise.

h.   **Statements, Part 7, Question 14 – Prior Locations.**  The address of each Debtor's main center of operations or headquarters as of the Petition Date was included in the Debtors' Voluntary Petitions.

i.  **Statements, Part 13, Question 25.**  Information listed in Question 25 is based on best historical corporate structure information available through December 2024. Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.  In the case of non-U.S. entities, corporate registration numbers may be listed in place of U.S. tax ID numbers.

j.  **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided a list of these parties in their response to Statement Question 26.

k.  **Statements, Part 13, Question 27 – Inventories.**  Any inventory held by third-party logistics providers is subject to each third-party logistics provider's respective inventory control procedures. The Debtors receive confirmation on such third-party logistics provider related inventory in support of their financial statement audits.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td>Debtor Name:</td><td>Volcom Retail, LLC</td></tr>
<tr><td>United States Bankruptcy Court:</td><td>The District of Delaware</td></tr>
<tr><td>Case Number (if known):</td><td>25-10176 (JKS)</td></tr>
</table>

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 2.1 SANTA BARBARA (STORE #141103) | | | $700.00 |
| 2.2 WHALER'S VILLAGE (STORE #141104) | | | $1,200.00 |
| 2.3 FRONT STREET (STORE #141105) | | | $0.00 |
| 2.4 BOULDER (STORE #141109) | | | $500.00 |
| 2.5 LAS VEGAS (STORE #141110) | | | $1,200.00 |
| 2.6 QMP (STORE #141114) | | | $700.00 |
| 2.7 HYATT WAIKIKI (STORE #141115) | | | $700.00 |
| 2.8 DISNEY (STORE #141116) | | | $1,600.00 |
| 2.9 WAILEA (STORE #141118) | | | $1,000.00 |
| 2.10 HHV (STORE #141119) | | | $750.00 |
| 2.11 IRVINE (STORE #141121) | | | $1,000.00 |
| 2.12 FASHION SHOW (STORE #141123) | | | $0.00 |
| 2.13 GALLERIA (STORE #141124) | | | $0.00 |
| 2.14 ALA (STORE #141126) | | | $700.00 |
| 2.15 PARK MEADOWS (STORE #141127) | | | $750.00 |
| 2.16 NORTHRIDGE (STORE #141130) | | | $1,000.00 |
| 2.17 TUCSON (STORE #141131) | | | $1,000.00 |
| 2.18 LYNNHAVEN (STORE #141132) | | | $1,000.00 |
| 2.19 VALLEY PLAZA (STORE #141133) | | | $1,000.00 |

# Schedule A/B: Assets - Real and Personal Property

| **Part 1:** | **Cash and cash equivalents** |
|---|---|

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2.20 CORONADO (STORE #141134) | | | $605.00 |
| 2.21 FASHION PLACE (STORE #141135) | | | $1,000.00 |
| 2.22 ALTAMONTE (STORE #141136) | | | $1,000.00 |
| 2.23 CLACKAMAS (STORE #141137) | | | $1,000.00 |
| 2.24 BOISE (STORE #141138) | | | $1,000.00 |
| 2.25 NORTH SHORE (STORE #141141) | | | $600.00 |

3. **Checking, savings, money market, or financial brokerage accounts (Identify all)**

| | | | |
|---|---|---|---|
| 3.1 JPMORGAN CHASE BANK, N.A. | AP ACCOUNT | 5993 | $0.00 |
| 3.2 JPMORGAN CHASE BANK, N.A. | COLLATERAL ACCOUNT | 8198 | $157,500.00 |
| 3.3 JPMORGAN CHASE BANK, N.A. | PAYROLL ACCOUNT | 5597 | $0.00 |
| 3.4 JPMORGAN CHASE BANK, N.A. | RECEIVABLES ACCOUNT | 7450 | $51,439.90 |
| 3.5 BANK OF HAWAII | RECEIVABLES ACCOUNT | 6280 | $46,002.57 |

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

| | |
|---|---|
| | **$274,947.47** |

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| | |
| --- | --- |
| 7.1 RENT DEPOSITS - QUEEN'S MARKET PLACE | $7,500.00 |
| 7.2 UTILITIES DEPOSITS - LA DWP | $350.00 |
| 7.3 UTILITIES DEPOSITS - DUKE ENERGY | $487.50 |
| 7.4 RENT DEPOSITS - OAHU STORAGE UNIT | $2,367.14 |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| | |
| --- | --- |
| 8.1 PREPAID - EARTHPACK | $41,887.80 |
| 8.2 PREPAID - PROPERTY TAX - CA NORTHRIDGE | $737.22 |
| 8.3 PREPAID - PROPERTY TAX - CA BAKERSFIELD | $688.95 |
| 8.4 PREPAID - PROPERTY TAX - CA ORANGE COUNTY | $3,157.86 |
| 8.5 PREPAID - PROPERTY TAX - FL ORANGE COUNTY | $2,032.05 |
| 8.6 PREPAID - PROPERTY TAX - FL SEMINOLE COUNTY | $1,307.46 |

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

   **$60,515.99**

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|-----------------------------------|

11.  **Accounts receivable**

12.  **Total of Part 3.**
     Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

   ☑ No. Go to Part 5.
   ☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------|------------------------------------|

14. **Mutual funds or publicly traded stocks not included in Part 1**
   Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
   Name of entity:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
   Describe:

17. **Total of Part 4.**
   Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 21.1 INVENTORY IN TRANSIT | | $90,302.21 | LIFO | $90,302.21 |
| 21.2 PRODUCT INVENTORY | | $2,914,142.67 | LIFO | $2,914,142.67 |
| 22. **Other Inventory or supplies** | | | | |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

| $3,004,444.88 |
|---|

24. **Is any of the property listed in Part 5 perishable?**

☑ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No.
☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☑ Yes.

## Schedule A/B: Assets - Real and Personal Property

**Part 6:**      Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☑ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** | | | |
| 30. **Farm machinery and equipment** | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**
    - ☐ No.
    - ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No.
    - ☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    - ☐ No.
    - ☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    - ☐ No.
    - ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1 FURNITURE AND FIXTURES | $222,547.63 | NET BOOK VALUE | $222,547.63 |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 EQUIPMENT | $67,516.38 | NET BOOK VALUE | $67,516.38 |
| 42. **Collectibles** | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

     **$290,064.01**

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1  VAN FOR DISNEY | $150.00 | NET BOOK VALUE | $150.00 |

**48. Watercraft, trailers, motors, and related accessories**

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| **51. Total of Part 8.** Add lines 47 through 50. Copy the total to line 84. | | | **$150.00** |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☑ Yes.

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 9:**    **Real property - detail**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM BOULDER [141109] 1223 PEARL ST. BOULDER CO | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.2 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM MIRACLE MILE SHOPS [141110] 3663 LAS VEGAS BLVD. LAS VEGAS NV | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.3 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM QUEENS MARKETPLACE [141114] 69-201 WAIKOLOA BEACH DR. WAIKOLOA VILLAGE HI | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.4 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM WAIKIKI HYATT [141115] 2424 KALAKAUA AVE. SUITE 112 HONOLULU HI | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.5 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM SHOPS AT WAILEA [141118] 3750 WAILEA ALANUI DRIE SUITE B-07 WAILEA HI | LEASE | $239,896.42 | NET BOOK VALUE | $239,896.42 |
| 55.6 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM HILTON HAWAIIAN [141119] 2005 KALIA RD. RAINBOW TOWER #F5 HONOLULU HI | LEASE | $393,798.63 | NET BOOK VALUE | $393,798.63 |
| 55.7 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM IRVINE SPECTRUM [141121] 670 SPECTRUM CENTER DR. SUITE 642 IRVINE CA | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.8 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM ALA MOANA [141126] 1450 ALA MOANA BLVD #3016 HONOLULU HI | LEASE | $228,118.62 | NET BOOK VALUE | $228,118.62 |
| 55.9 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM PARK MEADOWS [141127] 8401 PARK MEADOWS CENTER DR. #1465 LONETREE CO | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.10 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM NORTHRIDGE [141130] 9301 TAMPA AVENUE #63 NORTHRIDGE CA | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.11 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM TUCSON MALL [141131] 4500 NORTH ORACLE ROAD #353 TUCSON AZ | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.12 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM LYNNHAVEN MALL [141132] 701 | LEASE | $0.00 | NET BOOK VALUE | $0.00 |

## Schedule A/B: Assets - Real and Personal Property

**Part 9:**    **Real property - detail**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| LYNNHAVEN PARKWAY #C12 VIRGINIA BEACH VA | | | | |
| 55.13 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM VALLEY PLAZA MALL [141133] 2701 MING AVENUE #252 BAKERSFIELD CA | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.14 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM CORONADO CENTER [141134] 6600 MENAUL BLVD NE SUITE H-006 ALBUQUERQUE NM | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.15 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM FASHION PLACE SLC [141135] 6191 S. STATE STREET #1151 MURRAY UT | LEASE | $180,505.58 | NET BOOK VALUE | $180,505.58 |
| 55.16 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM ALTAMONTE MALL [141136] 451 ALTAMONTE #2361 ALTAMONTE SPRINGS FL | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.17 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM CLACKAMAS TOWN CTR [141137] 12000 SE 82ND AVE. #E102 E102 HAPPY VALLEY OR | LEASE | $0.00 | NET BOOK VALUE | $0.00 |
| 55.18 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM BOISE TOWN SQUARE [141138] 350 N MILWAUKEE BOISE ID | LEASE | $263,779.26 | NET BOOK VALUE | $263,779.26 |
| 55.19 LEASEHOLD IMPROVEMENTS - RETAIL STORE VLM NORTH SHORE [141141] 62-620 KAMEHAMEHA HIGHWAY A HALEIWA HI | LEASE | $76,976.56 | NET BOOK VALUE | $76,976.56 |
| 55.20 FA - LEASEHOLD IMPROVEMENTS | LEASEHOLD IMPROVEMENTS | $19,352.91 | NET BOOK VALUE | $19,352.91 |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.    **$1,402,427.98**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No.
☑ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and royalties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 CUSTOMER LISTS | | UNDETERMINED | UNDETERMINED |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

**UNDETERMINED**

**67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No.
☑ Yes.

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.
☑ Yes.

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:**   **All other assets**

70.  **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| 71.  **Notes receivable** | |
| 72.  **Tax refunds and unused net operating losses (NOLs)** | |
| 73.  **Interests in insurance policies or annuities** | |
| 74.  **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76.  **Trusts, equitable or future interests in property** | |
| 77.  **Other property of any kind not already listed Examples: Season tickets, country club membership** | |
| 77.1  A/R CASH IN TRANSIT | $33,089.24 |
| 77.2  CREDIT CARD CASH IN TRANSIT | $104,119.94 |
| 77.3  I/C RECEIVABLE (A/R OTHER) - VOLCOM, LLC | $77,117,185.94 |
| 77.4  I/C RECEIVABLE (A/R OTHER) - VOLCOM RETAIL OUTLETS, LLC | $18,988,023.45 |
| 77.5  I/C RECEIVABLE (A/R TRADE) - VOLCOM, LLC | $17,137,162.90 |

78.  **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$113,379,581.47**

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $274,947.47 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $60,515.99 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $3,004,444.88 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $290,064.01 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $150.00 | | |
| 88. Real property. Copy line 56, Part 9. | | $1,402,427.98 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | $113,379,581.47 | | |
| 91. Total. Add lines 80 through 90 for each column. | $117,009,703.82 **+ UNDETERMINED** | $1,402,427.98 | |

| | |
|---|---|
| 92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** | **$118,412,131.80** + UNDETERMINED |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Volcom Retail, LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10176 (JKS) |

Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**     **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Letter of Credit** | | | | | | | |
| 2.1  JPMORGAN CHASE BANK, N.A.<br>GLOBAL TRADE OPERATIONS<br>10420 HIGHLAND MANOR DRIVE<br>FLOOR 04<br>TAMPA, FL 33610-9128 | ☐ | ☐ | ☐ | DATE: 06/09/2021<br>LETTER OF CREDIT REFERENCE:<br>NUSCGS037290 | ☑ ☑ ☐ | $150,000.00 | UNDETERMINED |
| | | | | **Letter of Credit Total:** | | **$150,000.00** | **UNDETERMINED** |
| **Secured Debt** | | | | | | | |
| 2.2  JPMORGAN CHASE BANK, N.A., AS<br>ADMINISTRATIVE AGENT | ☐ | ☐ | ☐ | DATE: 1/29/2021<br>ABL FACILITY | ☐ ☐ ☐ | $81,826,423.28 | UNDETERMINED |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 10 S. DEARBORN, FLOOR 12, IL1-1145 CHICAGO, IL 60603 <br> ₁ | | | | | | | |

| | | | | | Secured Debt Total: | $81,826,423.28 | UNDETERMINED |
|---|---|---|---|---|---|---|---|

**UCC and Other Liens**

| Creditor's Name and Mailing Address | Co-Interest | Insider | Co-Debtor | Date Claim | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 2.3   JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT <br> 10 S. DEARBORN, FLOOR 12, IL1-1145 <br> CHICAGO, IL 60603 | ☐ | ☐ | ☐ | DATE: 1/29/2021 <br> UCC LIEN AS DESCRIBED IN FILE NUMBER <br> 20210765884 | ☑ ☑ ☐ | UNDETERMINED | UNDETERMINED |

| | | | | | UCC and Other Liens Total: | UNDETERMINED | UNDETERMINED |
|---|---|---|---|---|---|---|---|

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

         $81,976,423.28 + UNDETERMINED

# Schedule D: Creditors Who Have Claims Secured by Property

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|

**Footnotes - Schedule D Part 1**

1. The amount outstanding listed here is current as of January 31, 2025.

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| 4.1 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: MICHAEL LUSKIN<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0060 | 2.1 | |
| 4.2 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: STEPHAN E. HORNUNG<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0060 | 2.1 | |
| 4.3 MORGAN, LEWIS & BOCKIUS LLP<br>ATTN: JODY C. BARILLARE<br>1201 N. MARKET STREET<br>SUITE 2201<br>WILMINGTON, DE 19801 | 2.1 | |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Volcom Retail, LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10176 (JKS) |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|
| 2.1 | CITY OF SANTA BARBARA, CA C/O AVENU INSIGHTS & ANALYTICS 373 EAST SHAW AVENUE, BOX 367 FRESNO, CA 93710 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.2 | ARIZONA DEPARTMENT OF REVENUE PO BOX 29010 PHOENIX, AZ 85038 - 9010 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.3 | BERNALILLO COUNTY TREASURER PO BOX 27800 ALBUQUERQUE, NM 87125 - 7800 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.4 | BOULDER COUNTY TREASURER PO BOX 471 BOULDER, CO 80306 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.5 | BOULDER FALSE ALARM REDUCTION PROGRAM P.O. BOX 19936 BOULDER, CO 80308 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.6 | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION PO BOX 942879 SACRAMENTO, CA 94279 - 8062 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.7 | CALIFORNIA SECRETARY OF STATE 1500 11TH STREET, 2ND FLOOR SACRAMENTO, CA 95814 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.8 | CANADA REVENUE AGENCY CONNAUGHT BUILDING 555 MACKENZIE AVENUE, 7TH FLOOR OTTAWA ON K1A 0L5 CANADA | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.9 CITY OF ALTAMONTE SPRINGS ATTN: BUSINESS TAX RECEIPTS 225 NEWBURYPORT AVENUE ALTAMONTE SPRINGS, FL 32701 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.10 CITY OF BAKERSFIELD P.O. BOX 2057 BAKERSFIELD, CA 93303 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.11 CITY OF BOULDER DEPARTMENT OF FINANCE, SALES/USE TAX DIVISION P.O. BOX 791 BOULDER, CO 80306-0791 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.12 CITY OF BOULDER 1777 BROADWAY BOULDER, CO 80302 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.13 CITY OF COSTA MESA ATTN: BUSINESS LICENSE P.O. BOX 1200COSTA MESA, CA 92628-1200 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.14 CITY OF IRVINE ONE CIVIC CENTER PLAZA P.O. BOX 19575 IRVINE, CA 92623-9575 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.15 CITY OF LAFAYETTE FINANCE DEPARTMENT 1290 SOUTH PUBLIC ROAD LAFAYETTE, CO 80026 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.16 CITY OF LONE TREE PO BOX 17987 DENVER, CO 80217 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.17 CITY OF LONE TREE 9220 KIMMER DRIVE, SUITE 100 LONE TREE, CO 80124 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.18 CITY OF RIVERSIDE BUSINESS LICENSE PROCESSING CENTER 8839 N. CEDAR AVE #212 FRESNO, CA 93720 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.19 CITY OF SANTA BARBARA SBPD – ATTN: ALARMS PO BOX 539 SANTA BARBARA, CA 93102 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.20 CITY OF TUCSON LICENSE SECTION P.O. BOX 27210 TUCSON, AZ 85726-7210 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.21 CLACKAMAS COUNTY TAX COLLECTOR PO BOX 6100 PORTLAND, OR 97228 - 6100 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.22 CLARK COUNTY ASSESSOR 500 S. GRAND CENTRAL PKWY., 2ND FLOOR PO BOX 551401 LAS VEGAS, NV 89155 - 1401 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.23 CLARK COUNTY DEPARTMENT OF BUSINESS LICENSE | | ☑ ☑ ☐ | ☐ | | |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 500 S. GRAND CENTRAL PARKWAY, 3RD FLOOR P.O. BOX 551810 LAS VEGAS, NV 89155-181 | | | | | |
| 2.24 COLORADO DEPARTMENT OF REVENUE 1881 PIERCE ST. LAKEWOOD, CO 80214 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.25 COLORADO SECRETARY OF STATE 1700 BROADWAY, SUITE 200 DENVER, CO 80290 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.26 COLORADO SECRETARY OF STATE 1700 BROADWAY, SUITE 550 DENVER, CO 80290 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.27 COMMISSIONER OF THE REVENUE BUSINESS LICENSE DIVISION 2401 COURTHOUSE DRIVE MUNICIPAL CENTER, BUILDING 1 VIRGINIA BEACH, VA 23456 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.28 CONNECTICUT SECRETARY OF STATE 165 CAPITOL AVENUE SUITE 1000 HARTFORD, CT 06115-0470 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.29 COUNTY OF ORANGE ATTN: TREASURER - TAX COLLECTOR P.O. BOX 1438 SANTA ANA, CA 92702 - 1438 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.30 DELAWARE SECRETARY OF STATE DELAWARE DIVISION OF CORPORATIONS 401 FEDERAL STREET, SUITE 4 DOVER, DE 19901 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.31 DEPARTMENT OF TAXATION P.O. BOX 26627 RICHMOND, VA 23261 - 6627 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.32 DIVISION OF CORPORATIONS IN THE STATE OF FLORIDA P.O. BOX 6327 TALLAHASSEE, FL 32314 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.33 DIVISION OF REVENUE 820 NORTH FRENCH STREET WILMINGTON, DE 19801 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.34 DOUGLAS COUNTY TREASURER PO BOX 1208 CASTLE ROCK, CO 80104 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.35 FLORIDA DEPARTMENT OF REVENUE 5050 W. TENNESSEE STREET TALLAHASSEE, FL 32399 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.36 GEORGIA SECRETARY OF STATE 237 COLISEUM DR MACON, GA 31217 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.37 HARRY E. HAGEN, TREASURER-TAX COLLECTOR | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| P.O. BOX 579 SANTA BARBARA, CA 93102-0579 | | | | | |
| 2.38 HAWAII BUSINESS REGISTRATION DIVISION, DEPARTMENT OF COMMERCE & CONSUMER AFFAIRS 335 MERCHANT STREET, ROOM 201 HONOLULU, HI 96813 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.39 HAWAII DEPARTMENT OF TAXATION P. O. BOX 1425 HONOLULU, HI 96806 - 1425 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.40 IDAHO SECRETARY OF STATE 450 N. 4TH STREET BOISE ID, 83702 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.41 IDAHO STATE TAX COMMISSION SALES TAX COMMISSION PO BOX 76 BOISE, ID 83707 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.42 ILLINOIS SECRETARY OF STATE 213 STATE CAPITOL SPRINGFIELD, IL 62756 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.43 KENTUCKY SECRETARY OF STATE 700 CAPITAL AVE STE. 152 FRANKFORT, KY 40601 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.44 KERN COUNTY TAX COLLECTOR PAYMENT CENTER PO BOX 541004 LOS ANGELES, CA 90054-1004 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.45 LOS ANGELES COUNTY DEPARTMENT OF AGRICULTURAL COMMISSIONER/WEIGHTS AND MEASURES 12300 LOWER AZUSA ROAD ARCADIA, CA 91006-5872 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.46 LOS ANGELES OFFICE OF FINANCE P.O. BOX 53200 LOS ANGELES, CA 90053-0200 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.47 MINNESOTA SECRETARY OF STATE 332 MINNESOTA ST STE N201 SAINT PAUL, MN 55101 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.48 MURRAY CITY BUSINESS LICENSING 4646 SOUTH 500 WEST MURRAY, UT 84123 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.49 NEVADA SECRETARY OF STATE 202 N CARSON ST, CARSON CITY, NV 89701 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.50 NEW JERSEY TREASURY DIVISION OF REVENUE AND ENTERPRISE SERVICES PO BOX 452 TRENTON, NJ 08608 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.51 NEW MEXICO REGULATION AND LICENSING DEPARTMENT 2550 CERRILLOS ROAD, SANTA FE, NM 87505 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.52 NEW YORK SECRETARY OF STATE ONE COMMERCE PLAZA 99 WASHINGTON AVE ALBANY, NY 12231 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.53 NORTH CAROLINA SECRETARY OF STATE 2 SOUTH SALISBURY STREET RALEIGH, NORTH CAROLINA 27601-290 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.54 OFFICE OF FINANCE SPECIAL DESK UNIT 200 NORTH SPRING STREET, ROOM 101 LOS ANGELES, CA 90012 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.55 OFFICE OF TOURISM 555 CAPITOL MALL, SUITE 465 SACRAMENTO, CA 95814 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.56 ORANGE COUNTY TAX COLLECTOR PROPERTY TAX DEPARTMENT P.O. BOX 545100 ORLANDO, FL 32854 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.57 OREGON SECRETARY OF STATE BUSINESS REGISTRY 255 CAPITOL ST. NE, SUITE 151 SALEM, OR 97310 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.58 PENNSYLVANIA STATE TAX COMMISSION PA DEPARTMENT OF REVENUE PO BOX 280905 HARRISBURG, PA 17128-0905 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.59 PIMA COUNTY TREASURER PIMA COUNTY TREASURER'S OFFICE PO BOX 29011 PHOENIX, AZ 85038-9011 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.60 REGULATORY LICENSING DIVISION 1136 ALPINE AVENUE BOULDER, CO 80304 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.61 RHODE ISLAND STATE TAX COMMISSION 148 W. RIVER STREET PROVIDENCE, RI 02904 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.62 RIVERSIDE COUNTY TREASURER-TAX COLLECTOR PO BOX 12005 RIVERSIDE, CA 92502 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.63 SALT LAKE COUNTY ASSESSOR PERSONAL PROPERTY DIVISION 2001 S STATE STREET N2-600 P.O. BOX | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| 147421 SALT LAKE CITY, UT 84114 - 7421 | | | | | |
| 2.64 SANTA BARBARA COUNTY DEPARTMENT OF AGRICULTURE/WEIGHTS & MEASURES 263 CAMINO DEL REMEDIO SANTA BARBARA, CA 93110-1335 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.65 SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS ONE ASHBURTON PLACE CORPORATIONS DIVISION BOSTON, MA 02108 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.66 SEMINOLE COUNTY TAX COLLECTOR P.O. BOX 630 SANFORD, FL 32772 - 0630 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.67 SOUTH CAROLINA SECRETARY OF STATE 1205 PENDLETON ST., STE. 525 COLUMBIA, SC 29201 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.68 STATE OF NEVADA DEPARTMENT OF TAXATION 700 E. WARM SPRINGS RD., SUITE 200 LAS VEGAS, NEVADA 89119 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.69 STATE OF NEVADA SALES/USE TAX RETURN P.O. BOX 51107 LOS ANGELES, CA 90051 - 5407 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.70 TAXATION AND REVENUE DEPARTMENT PO BOX 25128 SANTA FE, NM 87504 - 5128 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.71 TEXAS FRANCHISE TAX DEPARTMENT TEXAS COMPTROLLER OF PUBLIC ACCOUNTS P.O. BOX 149348 AUSTIN, TX 78714-9348 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.72 THE OFFICE OF THE ILLINOIS SECRETARY OF STATE 3851 E MAIN ST ST. CHARLES, IL 60174 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.73 TREASURER, CITY OF VIRGINIA BEACH 2401 COURTHOUSE DRIVE VIRGINIA BEACH, VA 23456-9018 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.74 UTAH COMMERCE DIVISION OF CORPORATIONS AND COMMERCIAL CODE 160 EAST 300 SOUTH 2ND FLOOR SALT LAKE CITY, UT 84111 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.75 UTAH DEPARTMENT OF AGRICULTURE AND FOOD | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| P.O. BOX #146500 SALT LAKE CITY, UT 84114-6500 | | | | | |
| 2.76 UTAH STATE TAX COMMISSION 210 N 1950 W SALT LAKE CITY, UT 84134 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.77 VIRGINIA STATE CORPORATION COMMISSION 1300 E. MAIN ST. RICHMOND, VA 23219 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |
| 2.78 WASHINGTON SECRETARY OF STATE CORPORATIONS DIVISION 801 CAPITOL WAY S OLYMPIA, WA 98504-1226 | | ☑ ☑ ☐ | ☐ | $0.00 | $0.00 |

| | | |
|---|---|---|
| 2. **Total: All Creditors with PRIORITY Unsecured Claims** | $0.00 | $0.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.1 ABP KAKAAKO COMMERCE 1 LLC<br>MAIL CODE 61286<br>P.O. BOX 1300<br>HONOLULU, HI 96807-1300 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $3,338.27 |
| 3.2 ABP WAIKOLOA LLC<br>MSC 61428<br>P.O. BOX 1300<br>HONOLULU, HI 96807-1300 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $14,539.61 |
| 3.3 ALERT HOLDINGS GROUP, INC.<br>DBA: ALERT ALARM HAWAII<br>P.O. BOX 29220<br>HONOLULU, HI 96820-1490 | | ☐ | ☐ | ☐ | TRADE | ☐ | $5.64 |
| 3.4 ARRIANA PADRON<br>[REDACTED ADDRESS] | | ☐ | ☐ | ☐ | TRADE | ☐ | $182.41 |
| 3.5 BLUE PLANET SURF GEAR<br>1221 KONA ST<br>HONOLULU, HI 96814 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $10,578.93 |
| 3.6 BOARDRIDERS RETAIL, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R OTHER) | ☐ | $24,321.25 |
| 3.7 BOISE MALL, LLC<br>BOISE TOWN SQUARE<br>SDS-12-3074<br>MINNEAPOLIS, MN 55486-3074 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $13,468.01 |
| 3.8 BRINKS INC.<br>7373 SOLUTIONS CENTER<br>CHICAGO, IL 60677-7003 | | ☐ | ☐ | ☐ | TRADE | ☐ | $1,082.72 |
| 3.9 C R DISPATCH SERVICE INC.<br>P.O. BOX 2073<br>HONOLULU, HI 96805 | | ☐ | ☐ | ☐ | TRADE | ☐ | $138.32 |
| 3.10 CAHALAN PEARL LLC<br>1221 PEARL STREET<br>BOULDER, CO 80302 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $21,838.42 |
| 3.11 CENTRAL FLORIDA TOURISM<br>OVERSIGHT DISTRICT<br>UTILITY DIVISION<br>P.O. BOX 30000<br>ORLANDO, FL 32891-8132 | | ☐ | ☐ | ☐ | TRADE | ☐ | $2,553.75 |
| 3.12 CITY OF ALTAMONTE SPRINGS | | ☐ | ☐ | ☐ | UTILITIES | ☐ | $14.30 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 225 NEWBURYPORT AVENUE ALTAMONE SPRINGS, FL 32701 | | | | | |
| 3.13 CLACKAMAS MALL, LLC CLACKAMAS TOWN CENTER P.O. BOX 860117 MINNEAPOLIS, MN 55486-0117 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $14,497.96 |
| 3.14 CLS FACILITIES MANAGEMENT SERVICES, INC. CLS FACILITY SERVICES 8061 TYLER BLVD. MENTOR, OH 44060 | | ☐ ☐ ☐ | TRADE | ☐ | $23,553.69 |
| 3.15 CORONADO CENTER L.L.C. CORONADO CENTER P.O. BOX 776723 CHICAGO, IL 60677-6723 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $17,614.71 |
| 3.16 CPR AIR CONDITIONING AND REFRIGERATION 124 MANEA PL UNIT 9 WAILUKU, HI 96793 | | ☐ ☐ ☐ | TRADE | ☐ | $225.13 |
| 3.17 CULLIGAN OF TUCSON 2209 E GINTER RD TUCSON, AZ 85706 | | ☐ ☐ ☐ | UTILITIES | ☐ | $236.40 |
| 3.18 CULLIGAN WATER OF LAS VEGAS 2770 SOUTH 600 WEST SALT LAKE CITY, UT 84115 | | ☐ ☐ ☐ | TRADE | ☐ | $63.97 |
| 3.19 DAISY FRESH COMMERCIAL CLEANING, INC. 3812 DUNEDIN CT APOPKA, FL 32712 | | ☐ ☐ ☐ | TRADE | ☐ | $2,023.50 |
| 3.20 DUKE ENERGY P.O. BOX 1004 CHARLOTTE, NC 28201-1004 | | ☐ ☐ ☐ | TRADE | ☐ | $534.81 |
| 3.21 EARTHPACK 1692 DEERE AVE. IRVINE, CA 92606 | | ☐ ☐ ☐ | TRADE | ☐ | $8,788.05 |
| 3.22 FASHION PLACE, LLC SDS-12-2780 MINNEAPOLIS, MN 55486-2780 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $15,358.93 |
| 3.23 GGP ALA MOANA LLC P.O. BOX 860267 MINNEAPOLIS, MN 55486-0267 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $18,617.45 |
| 3.24 GGP NORTHRIDGE FASHION CENTER LP NORTHRIDGE FASHION CENTER SDS-12-1664 MINNEAPOLIS, MN 55486-1664 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $14,780.36 |
| 3.25 GGP-TUCSON MALL L.L.C. | | ☐ ☐ ☐ | RENT RELATED | ☐ | $17,484.38 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| TUCSON MALL<br>SDS-12-2082<br>MINNEAPOLIS, MN 55486-2082 | | | | | | | |
| 3.26 GGP/HOMART II L.L.C.<br>ALTAMONTE MALL, LLC<br>P.O. BOX 860251<br>MINNEAPOLIS, MN 55486-0251 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $15,026.80 |
| 3.27 HARLAND CLARKE CORP.<br>DBA TRANSOURCE<br>P.O. BOX 931898<br>ATLANTA, GA 31193 | | ☐ | ☐ | ☐ | TRADE | ☐ | $49.93 |
| 3.28 HAWAIIAN TELCOM<br>P.O. BOX 30770<br>HONOLULU, HI 96820-0770 | | ☐ | ☐ | ☐ | UTILITIES | ☐ | $177.44 |
| 3.29 HILTON HAWAIIAN VILLAGE LESSEE, LLC<br>HILTON HAWAIIAN VILLAGE WAIKIKI<br>P.O BOX 840171<br>DALLAS, TX 75284-0171 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $30,683.58 |
| 3.30 INSTITUTIONAL MALL INVESTORS LLC<br>IMI MIRACLE MILE LLC<br>P.O. BOX 744726<br>LOS ANGELES, CA 90074-4726 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $14,800.18 |
| 3.31 KETER ENVIRONMENTAL SERVICES, INC<br>P.O. BOX 417468<br>BOSTON, MA 00241-7468 | | ☐ | ☐ | ☐ | TRADE | ☐ | $5,380.63 |
| 3.32 KLIGER-WEISS INFOSYSTEMS, INC.<br>201 OLD COUNTRY RD<br>SUITE 301<br>MELVILLE, NY 11747 | | ☐ | ☐ | ☐ | TRADE | ☐ | $24,997.50 |
| 3.33 LEVON FITHIAN, LLC<br>DBA FITHIAN BUILDING<br>C/O INVESTEC MANAGEMENT CORP.<br>SANTA BARBARA, CA 93101 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $10,804.59 |
| 3.34 LIBERATED BRANDS USA LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R TRADE) | ☐ | $383,442.72 |
| 3.35 LIBERATED-SPYDER LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R TRADE) | ☐ | $123,040.61 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.36 LOOMIS ARMORED US, LLC DBA LOOMIS DEPT. 0757 P.O. BOX 120001 DALLAS, TX 75312-0757 | | ☐ ☐ ☐ | TRADE | ☐ | $2,329.88 |
| 3.37 LOS ANGELES DEPARTMENT OF WATER AND POWER P.O. BOX 30808 LOS ANGELES, CA 90030 | | ☐ ☐ ☐ | UTILITIES | ☐ | $617.05 |
| 3.38 LYNNHAVEN MALL L.L.C. LYNNHAVEN MALL 7903 SOLUTION CENTER CHICAGO, IL 60677-7009 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $15,790.64 |
| 3.39 MAPS HAWAII TWO, LLC MSC 61353 P.O. BOX 1300 HONOLULU, HI 96807-1300 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $48,828.03 |
| 3.40 MOOD: DMX INC. P.O BOX 602777 CHARLOTTE, NC 28260-2777 | | ☐ ☐ ☐ | TRADE | ☐ | $31.71 |
| 3.41 OFFICE DEPOT INC P.O. BOX 29248 PHOENIX, AZ 85038 | | ☐ ☐ ☐ | TRADE | ☐ | $15.71 |
| 3.42 OHANA BOTTLED WATER LLC 73-4156 HULIKOA DR. BAY 3 & 4 KAILUA KONA, HI 96740 | | ☐ ☐ ☐ | TRADE | ☐ | $42.94 |
| 3.43 PARK MEADOWS MALL, LLC 8401 PARK MEADOWS CENTER DRIVE LONE TREE, CO 80124 | | ☐ ☐ ☐ | RENT RELATED | ☐ | $15,911.31 |
| 3.44 REGENCY ENTERPRISES INC. DBA REGENCY LIGHTING 23661 NETWORK PLACE CHICAGO, IL 60673-1213 | | ☐ ☐ ☐ | TRADE | ☐ | $136.22 |
| 3.45 SHOPPERTRAK RCT LLC P.O. BOX 7590 CAROL STREAM, IL 60197-7590 | | ☐ ☐ ☐ | TRADE | ☐ | $5,104.62 |
| 3.46 SMART CITY TELECOM LLC P.O. BOX 733082 DALLAS, TX 75373-3082 | | ☐ ☐ ☐ | UTILITIES | ☐ | $336.61 |
| 3.47 STEVAN JEZDIMIROVIC C/O SULLIVAN & YAECKEL LAW GROUP APC ATTN RYAN KUHN 2330 THIRD AVE. SAN DIEGO, CA 92101 | | ☑ ☑ ☑ | FALSE ADVERTISING | ☐ | UNDETERMINED |
| 3.48 SUN BUM LLC P.O. BOX 671496 DALLAS, TX 75267-1496 | | ☐ ☐ ☐ | TRADE | ☐ | $2,679.72 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.49 THE IRVINE COMPANY, LLC<br>P.O. BOX 846410<br>LOS ANGELES, CA 90084-6410 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $25,967.81 |
| 3.50 THE SHOPS AT WAILEA HART<br>HART WAILEA, LLC<br>P.O. BOX 60099<br>CITY OF INDUSTRY, CA 91716 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $22,830.90 |
| 3.51 THE ZELLMAN GROUP LLC<br>1400 OLD COUNTRY ROAD<br>STE N208<br>WESTBURY, NY 11590 | | ☐ | ☐ | ☐ | TRADE | ☐ | $5,940.00 |
| 3.52 VALLEY PLAZA MALL, LP<br>VALLEY PLAZA MALL<br>SDS-12-1667<br>MINNEAPOLIS, MN 55486-1667 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $14,732.14 |
| 3.53 VARIOUS UNKNOWN PARTIES<br>UNKNOWN ADDRESS | | ☑ | ☑ | ☐ | GIFT CARD LIABILITY | ☐ | $126,066.51 |
| 3.54 VOLCOM, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R TRADE) | ☐ | $111,818,507.59 |
| 3.55 VOLCOM, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | | ☑ | ☑ | ☐ | I/C PAYABLE (A/R TRADE) | ☐ | $2,403,632.16 |
| 3.56 WALT DISNEY PARKS & RESORTS US, INC.<br>P.O. BOX 733121<br>DALLAS, TX 75373-3121 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $19,980.15 |
| 3.57 WESTERN DISPOSAL, INC.<br>P.O. BOX 913458<br>DENVER, CO 80291-3458 | | ☐ | ☐ | ☐ | UTILITIES | ☐ | $222.75 |
| 3.58 WORKSMITH INC.<br>3005 S LAMAR BLVD<br>SUITE D109 #406<br>AUSTIN, TX 78704 | | ☐ | ☐ | ☐ | TRADE | ☐ | $794.12 |
| 3.59 WV SUB LLC (WHALER'S VILLAGE)<br>P.O. BOX 860270<br>MINNEAPOLIS, MN 55486 | | ☐ | ☐ | ☐ | RENT RELATED | ☐ | $31,868.04 |
| 3.60 XCEL ENERGY<br>P.O. BOX 9477<br>MPLS, MN 55484-9477 | | ☐ | ☐ | ☐ | UTILITIES | ☐ | $374.19 |

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**      $115,396,985.75 + UNDETERMINED

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
| --- | --- | --- |

# Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 4:** | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | |
|---|---|---|
| 5a. | **Total claims from Part 1** | **$0.00**<br>+ UNDETERMINED |
| 5b. | **Total claims from Part 2** | **$115,396,985.75**<br>+ UNDETERMINED |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **$115,396,985.75**<br>+ UNDETERMINED |

| **Fill in this information to identify the case and this filing:** |
| :--- |

| Debtor Name: | Volcom Retail, LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10176 (JKS) |

Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
| :--- | :--- | :--- | :--- | :--- | :--- |
| **All Other Contracts** | | | | | |
| 2.1 PLEDGE AND SECURITY AGREEMENT DATED 07-16-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.2 AMENDMENT TO PLEDGE AND SECURITY AGREEMENT DATED 07-16-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| **Credit Agreement** | | | | | |
| 2.3 SECOND AMENDMENT TO CREDIT AGREEMENT DATED 08-16-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | IRVINE, CA 92614 |
| 2.4 ELEVENTH AMENDMENT TO CREDIT AGREEMENT DATED 11-05-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.5 THIRD AMENDMENT TO CREDIT AGREEMENT DATED 09-03-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.6 SIXTH AMENDMENT TO CREDIT AGREEMENT AND WAIVER DATED 05-22-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.7 CREDIT AGREEMENT DATED 01-29-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.8 FIRST AMENDMENT TO CREDIT AGREEMENT DATED 06-30-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.9 FIFTH AMENDMENT TO CREDIT AGREEMENT DATED 07-28-2022 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.10 FOURTH AMENDMENT TO CREDIT AGREEMENT DATED 11-01-2021 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.11 EIGHTH AMENDMENT TO CREDIT AGREEMENT DATED 12-19-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.12 TENTH AMENDMENT TO CREDIT AGREEMENT DATED 08-08-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.13 TWELFTH AMENDMENT TO CREDIT AGREEMENT DATED 01-24-2025 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.14 SEVENTH AMENDMENT TO CREDIT AGREEMENT DATED 09-26-2023 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |
| 2.15 NINTH AMENDMENT TO CREDIT AGREEMENT DATED 05-29-2024 | | | ☐ | JPMORGAN CHASE BANK, N.A. | ATTN: ABL ACCOUNT EXECUTIVE 3 PARK PLAZA, SUITE 900 IRVINE, CA 92614 |

**Lease Agreement**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.16 LEASE TERMINATION AND MUTUAL RELEASE DATED 08-16-2021 | | | ☐ | 1209 E. 6TH STREET, LLC | PO BOX 6558 AUSTIN, TX 78762 |
| 2.17 LEASE AGREEMENT DATED 02-01-2022 | | | ☐ | A. D. FURTADO PROPERTIES LAHAINA, LLC | ATTN: PRESIDENT PO BOX 11723 HONOLULU, HI 96828 |
| 2.18 FIRST AMENDMENT TO LEASE DATED 07-15-2016 | | | ☐ | ABP WAIKOLOA LLC | C/O ALEXANDER & BALDWIN, INC. ATTN GENERAL COUNSEL 822 BISHOP STREET HONOLULU HI 96813 |
| 2.19 QUEENS' MARKETPLACE - RENT COMMENCEMENT DATE DATED 11-01-2013 | | | ☐ | ABP WAIKOLOA LLC | C/O ALEXANDER & BALDWIN, INC. ATTN GENERAL COUNSEL 822 BISHOP STREET HONOLULU HI 96813 |
| 2.20 QUEENS' MARKETPLACE - WAIKOLOA BEACH RESORT SUMMARY OF VOLCOM LEASE INFORMATION DATED 04-03-2013 | | | ☐ | ABP WAIKOLOA LLC | C/O ALEXANDER & BALDWIN, INC. ATTN GENERAL COUNSEL 822 BISHOP STREET |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | HONOLULU HI<br>96813 |
| 2.21 LEASE AGREEMENT FOR SPACE NO. 2355 AT ALTAMONTE MALL DATED 11-21-2019 | | | ☐ | ALTAMONTE MALL, LLC | C/O ALTAMONTE MALL<br>350 N. ORLEANS ST.<br>SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.22 LEASE AGREEMENT FOR BOISE TOWNE SQUARE DATED 06-20-2022 | | | ☐ | BOISE MALL, LLC | C/O BOISE TOWNE SQUARE<br>ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N ORLEANS ST, SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.23 SECOND AMENDMENT TO LEASE DATED 01-15-2023 | | | ☐ | CAHALAN PEARL LLC | ATTN: DENNIS CAHALAN<br>1221 PEARL STREET<br>BOULDER, CO 80302 |
| 2.24 LEASE DATED 06-13-2022 | | | ☐ | CLACKAMAS MALL LLC | C/O CLACKAMAS TOWN CENTER<br>ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.25 NEW LEASE DATED 12-23-2019 | | | ☐ | CORONADO CENTER L.L.C. | C/O CORONADO CENTER<br>350 N. ORLEANS ST.<br>SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.26 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | CORONADO CENTER L.L.C. | 350 N. ORLEANS ST.<br>SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.27 FASHION PLACE LEASE DATED 12-23-2019 | | | ☐ | FASHION PLACE, LLC | ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>C/O FASHION PLACE<br>350 N. ORLEANS ST., SUITE 300 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | CHICAGO, IL 60654-1607 |
| 2.28 LEASE AGREEMENT FOR ALA MOANA CENTER DATED 12-12-2019 | | | ☐ | GGP ALA MOANA L.L.C. | C/O ALA MOANA CENTER 350 N. ORLEANS ST. SUITE 300 CHICAGO, IL 60654-1607 |
| 2.29 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | GGP ALA MOANA L.L.C. | C/O ALA MOANA CENTER 350 N. ORLEANS ST. SUITE 300 CHICAGO, IL 60654-1607 |
| 2.30 NORTHRIDGE FASHION CENTER NEW LEASE DATED 03-10-2020 | | | ☐ | GGP NORTHRIDGE FASHION CENTER, LP | C/O NORTHRIDGE FASHION CENTER ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT 350 N ORLEANS ST, SUITE 300 CHICAGO, IL 60654-1607 |
| 2.31 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | GGP NORTHRIDGE FASHION CENTER, LP | C/O NORTHRIDGE FASHION CENTER ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT 350 N ORLEANS ST, SUITE 300 CHICAGO, IL 60654-1607 |
| 2.32 SECOND AMENDMENT OF LEASE DATED 07-01-2022 | | | ☐ | GGP NORTHRIDGE FASHION CENTER, LP | C/O NORTHRIDGE FASHION CENTER ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT 350 N ORLEANS ST, SUITE 300 CHICAGO, IL 60654-1607 |
| 2.33 TUCSON MALL LEASE DATED 12-23-2019 | | | ☐ | GGP-TUCSON MALL, LLC | C/O TUCSON MALL ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT 350 N. ORLEANS ST., SUITE 300 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | CHICAGO, IL 60654-1607 |
| 2.34 SHOPPING CENTER LEASE DATED 07-17-2017 | | | ☐ | HART WAILEA, LLC | HART WAILEA, LLC C/O HEITMAN CAPITAL MANAGEMENT LLC 191 N. WACKER DRIVE, SUITE 2500 CHICAGO, IL 60606 |
| 2.35 FIRST AMENDMENT TO LEASE (THE SHOPS AT WAILEA) DATED 04-01-2020 | | | ☐ | HART WAILEA, LLC | C/O HEITMAN CAPITAL MANAGEMENT LLC 191 N WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 |
| 2.36 FIRST AMENDMENT TO LEASE DATED 11-10-2021 | | | ☐ | HILTON HAWAIIAN VILLAGE LLC | 2005 KALIA ROAD HONOLULU, HI 96815 |
| 2.37 HILTON HAWAIIAN VILLAGE STANDARD LEASE TERMS DATED 10-09-2017 | | | ☐ | HILTON HAWAIIAN VILLAGE LLC | 2005 KALIA ROAD HONOLULU, HI 96815 |
| 2.38 SECOND AMENDMENT OF LEASE DATED 10-01-2022 | | | ☐ | HYATT CORPORATION AS AGENT OF MAPS WAIKIKI HOTEL, LLC | 2424 KALAKAUA AVENUE HONOLULU, HI 96815 |
| 2.39 HYATT REGENCY WAIKIKI RETAIL SPACE LEASE DATED 10-14-2016 | | | ☐ | HYATT CORPORATION AS AGENT OF MAPS WAIKIKI HOTEL, LLC | ATTN: SHERYL T. SIU 2424 KALAKAUA AVENUE HONOLULU, HI 96815 |
| 2.40 FIRST AMENDMENT OF LEASE DATED 04-01-2020 | | | ☐ | HYATT CORPORATION AS AGENT OF MAPS WAIKIKI HOTEL, LLC | 2424 KALAKAUA AVENUE 2424 KALAKAUA AVENUE HONOLULU, HI 96815 |
| 2.41 FIRST AMENDMENT OF LEASE DATED 08-12-2021 | | | ☐ | HYATT CORPORATION AS AGENT OF MAPS WAIKIKI HOTEL, LLC | 2424 KALAKAUA AVENUE HONOLULU, HI 96815 |
| 2.42 FIRST AMENDMENT TO SHOPPING CENTER LEASE DATED 02-01-2019 | | | ☐ | IMI MIRACLE MALL LLC | C/O MILLER CAPITAL ADVISORY, INC. 5750 OLD ORCHARD ROAD SUITE 400 SKOKIE, IL 60077 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.43 SHOPPING CENTER LEASE DATED 05-27-2002 | | | ☐ | IMI MIRACLE MALL LLC | C/O MILLER CAPITAL ADVISORY, INC.<br>5750 OLD ORCHARD ROAD<br>SUITE 400<br>SKOKIE, IL 60077 |
| 2.44 THIRD AMENDMENT TO SHOPPING CENTER LEASE DATED 02-01-2023 | | | ☐ | IMI MIRACLE MALL LLC | C/O MILLER CAPITAL ADVISORY, INC.<br>5750 OLD ORCHARD ROAD<br>SUITE 400<br>SKOKIE, IL 60077 |
| 2.45 SECOND AMENDMENT TO SHOPPING CENTER LEASE DATED 02-09-2021 | | | ☐ | IMI MIRACLE MALL LLC | C/O MILLER CAPITAL ADVISORY, INC.<br>5750 OLD ORCHARD ROAD<br>SUITE 400<br>SKOKIE, IL 60077 |
| 2.46 FIRST AMENDMENT TO LEASE DATED 06-05-2020 | | | ☐ | IRVINE SPECTRUM CENTER LLC | 642 SPECTRUM CENTER DRIVE<br>642 SPECTRUM CENTER DRIVE<br>IRVINE, CA |
| 2.47 LETTER RE: VOLCOM - RENT COMMENCEMENT DATE DATED 02-13-2019 | | | ☐ | IRVINE SPECTRUM CENTER LLC | 2424 KALAKAUA AVENUE<br>IRVINE, CA 92618 |
| 2.48 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | LYNNHAVEN MALL L.L.C. | C/O LYNNHAVEN MALL<br>350 N. ORLEANS ST.<br>SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.49 NEW LEASE DATED 12-23-2019 | | | ☐ | LYNNHAVEN MALL L.L.C. | C/O LYNNHAVEN MALL<br>350 N. ORLEANS ST.<br>SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.50 NEW LEASE DATED 11-20-2019 | | | ☐ | PARK MEADOWS MALL, LLC | C/O PARK MEADOWS |

# Schedule G: Executory Contracts and Unexpired Leases

## Part 1:

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| | | | | | ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.51 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | PARK MEADOWS MALL, LLC | C/O PARK MEADOWS<br>ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.52 RETAIL LEASE DATED 11-01-2018 | | | ☐ | THE IRVINE COMPANY LLC | ATTN: GENERAL COUNSEL, RETAIL PROPERTIES<br>110 INNOVATION<br>IRVINE, CA 92617 |
| 2.53 DELIVERY OF POSSESSION: VOLCOM, PREMISES AT IRVINE SPECTRUM CENTER DATED 11-15-2018 | | | ☐ | THE IRVINE COMPANY LLC | 670 SPECTRUM CENTER DRIVE<br>IRVINE, CA 92618 |
| 2.54 FIRST AMENDMENT OF LEASE DATED 08-17-2020 | | | ☐ | VALLEY PLAZA MALL, LP | C/O VALLEY PLAZA MALL CA<br>ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 |
| 2.55 VALLEY PLAZA MALL CA NEW LEASE DATED 12-23-2019 | | | ☐ | VALLEY PLAZA MALL, LP | C/O VALLEY PLAZA MALL CA<br>ATTN: LAW/LEASE ADMINISTRATION DEPARTMENT<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 |

### Limited Liability Agreement

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.56 LIMITED LIABILITY COMPANY AGREEMENT OF VOLCOM RETAIL, LLC DATED 10-31-2014 | | | ☐ | VOLCOM, INC. | 1740 MONROVIA AVENUE<br>COSTA MESA, CA 92627 |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

**Total number of contracts** | **56**

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Volcom Retail, LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10176 (JKS) |

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

**Secured Debt**

| | | |
|---|---|---|
| 2.1 BOARDRIDERS RETAIL, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.2 LIBERATED AX LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.3 LIBERATED BRANDS AUSTRALIA PTY LTD<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.4 LIBERATED BRANDS CANADA, INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.5 LIBERATED BRANDS INTERNATIONAL, INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.6 LIBERATED BRANDS LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.7 LIBERATED BRANDS USA LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.8 LIBERATED-SPYDER LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.9 QUIKSILVER AUSTRALIA PTY LTD<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.10 UG MANUFACTURING CO (NZ)<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.11 UG MANUFACTURING CO. PTY. LTD.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.12 VOLCOM AUSTRALIA HOLDING COMPANY PTY LIMITED<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.13 VOLCOM CANADA INC.<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.14 VOLCOM RETAIL OUTLETS, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |
| 2.15 VOLCOM, LLC<br>1740 MONROVIA AVE<br>COSTA MESA, CA 92627 | JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT | ☑ ☐ ☐ |

**Total Number of Co-Debtor / Creditor Rows**     **15**

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Volcom Retail, LLC |
| United States Bankruptcy Court: | The District of Delaware |
| Case Number (if known): | 25-10176 (JKS) |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

$1,402,427.98

1b. **Total personal property:**
Copy line 91A from Schedule A/B

$117,009,703.82
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

$118,412,131.80
+ UNDETERMINED

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

$81,976,423.28
+ UNDETERMINED

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

$115,396,985.75
+ UNDETERMINED

4. **Total liabilities**
Lines 2 + 3a + 3b

$197,373,409.03
+ UNDETERMINED

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name: _____ Volcom Retail, LLC _____ |
| United States Bankruptcy Court: _____ THE DISTRICT OF DELAWARE _____ |
| Case Number (if known): _____ 25-10176 (JKS) _____ |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 03/11/2025 _____

**Signature:** /s/ Todd Hymel _____

Todd Hymel, Founder and Chief Executive Officer, Liberated Brands LLC

**Name and Title**

- Page 1 of 1