**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIBERATED BRANDS LLC,[1] | ) | Case No. 25-10168 (JKS) |
| | ) | |
| Debtor. | ) | (Formerly Jointly Administered) |
| | ) | **Related to Docket Nos. 435, 533** |

## FINAL ORDER DISMISSING DEBTORS' CHAPTER 11 CASES

Upon the *Debtors' Motion for Entry of an Order (I) Dismissing the Chapter 11 Cases and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") filed on April 28, 2025 [Docket No. 435]; that certain order (the "Initial Order") granting the Motion on the terms set forth therein, entered on May 22, 2025 [Docket No. 533]; and the certification of counsel filed contemporaneously herewith; and upon the First Day Declaration, the declarations of James Nelson of AlixPartners, LLC, the Debtors' financial advisor, filed at Docket Nos. 436 and 521, and Mr. Nelson's proffered testimony in support of the Motion on the record at the hearing on the Motion (the "Hearing"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that all of the Professionals have acted in good faith throughout the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Liberated Brands LLC (2718). The location of the Debtor's service address for purposes of this chapter 11 case is: 1740 Monrovia Ave, Costa Mesa, CA 92627.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion and Initial Order.

chapter 11 case, and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the Remaining Case of Liberated Brands LLC (Case No. 25-10168) is hereby dismissed; *provided* that this Court shall retain jurisdiction in accordance with the terms of this Final Order.

3.      All other pending motions in this chapter 11 case are moot and all future hearings scheduled on such motions are cancelled.

4.      The retention of each of the Professionals is hereby terminated, without the need for further action on the part of the Court, the Debtors, or such Professionals.  The Professionals hereby shall have no further obligation to advise the Debtors in connection with the chapter 11 cases or future developments that may have a bearing on the chapter 11 cases.

5.      The Committee is hereby dissolved and each Committee member and its employees or agents and each of the Committee Professionals is hereby released from all rights and duties from or related to the chapter 11 cases; *provided* that the Committee shall continue in existence and shall have standing and the right to be heard for the limited purpose of any appeals

of, or related to: (a) the Initial Order; (b) this Final Order; or (c) any other appeal to which the Committee is a party.

6.     Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the chapter 11 cases and any related adversary proceedings (if any), including, without limitation, the Final DIP Order and any order entered in connection with any sales, shall remain in full force and effect, shall be unaffected by the dismissal of the chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata*. For the avoidance of doubt, any and all assets acquired by any purchasers shall remain assets of such purchasers (or a subsequent transferee of the purchasers, as applicable) following entry of this Final Order and shall not revest with the Debtor pursuant to section 349(b)(3) of the Bankruptcy Code or otherwise.

7.     The appointment of Stretto, Inc. ("Stretto") as claims and noticing agent is hereby terminated. For the avoidance of doubt, Stretto's engagement agreement shall remain in full force and effect. Notwithstanding the foregoing, in accordance with Local Rule 2002-1(e)(ix), within fourteen days of the entry of this Final Order, Stretto shall (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a combined final claims register containing claims against each Debtor.

8.     From and after the date of this Final Order, no Exculpated Party shall have or

incur liability for, and each Exculpated Party[3] is hereby exculpated from any Cause of Action,[4] whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, existing or hereafter arising, in law, equity, contract, tort, or otherwise, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the estates, the chapter 11 cases, any restructuring transactions, the subject matter of, or the transactions or events giving rise to, any claim against or interest in the Debtors, the business or contractual arrangements or interactions between the Debtors and any Exculpated Party, the restructuring of any claim against, or interest in the Debtors, before or during the chapter 11 cases, the negotiation, formulation, preparation, or consummation of the sale of the Debtors' assets, including but limited to any sales, any restructuring transactions, the debtor-in-possession financing and related documents and orders, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place from the Petition Date through the date that this Final Order is entered, except for Causes of Action related to any act or omission that constitutes actual fraud, willful misconduct, or gross negligence (as determined by a final, non-appealable order of a court of competent jurisdiction).

9.         Notwithstanding any provision in the Documents, nothing discharges or releases

---

[3]   "Exculpated Party" means, collectively, and, in each case, solely in their respective capacities as such and solely to the extent they served in such capacity between the Petition Date and the date that the Court entered the Initial Order (or any subsequent date): (a) the Debtors; (b) the Debtors' Professionals; (c) directors, managers, and officers of the Debtors; (d) the Committee and each member thereof, solely in its capacity as such; and (e) the Committee's Professionals.

[4]   "Cause of Action" means any and all claims, interests, damages, remedies, causes of action, demands, rights, actions, controversies, proceedings, agreements, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, indemnities, guaranties, and franchises of any kind or character whatsoever.

the Debtors or any non-debtor from any right, claim, liability, defense, or Cause of Action of the United States or any state or impairs the ability of the United States or any state to pursue any right, claim, liability, defense, or Cause of Action against any Debtor or non-debtor.  Contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements, or other interests of or with the United States or any state shall be, subject to any applicable legal or equitable rights or defenses of the Debtors under applicable non-bankruptcy law, paid, treated, determined, and administered in the ordinary course of business as if the Debtors' bankruptcy cases were never filed or dismissed.  All rights, claims, liabilities, defenses, or Causes of Action, of or to the United States or any state shall survive the dismissal of the chapter 11 cases as if they had not been commenced and be determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such rights, claims, liabilities, defenses, or Causes of Action would have been resolved or adjudicated if the chapter 11 cases had not been commenced; *provided* that nothing in the Documents shall alter any legal or equitable rights or defenses of the Debtors under non-bankruptcy law with respect to any such claim, liability, or Cause of Action.  Without limiting the foregoing, for the avoidance of doubt, nothing shall:  (a) affect or impair the exercise of the United States' or any state's police and regulatory powers against the Debtors or any non-debtor; (b) be interpreted to set cure amounts or to require the United States or any state to novate or otherwise consent to the transfer of any federal or state contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements, or other interests; (c) affect or impair the United States' or any state's rights and defenses of setoff and recoupment, or ability to assert setoff or recoupment against the Debtors and such rights and defenses are expressly preserved; (d) constitute an approval or consent by the United States or any state without compliance with all

applicable legal requirements and approvals under non-bankruptcy law; or (e) relieve any party from compliance with all licenses and permits issued by governmental units in accordance with non-bankruptcy law.

10.     This Final Order shall be effective and enforceable immediately upon entry, notwithstanding any Bankruptcy Rules or Local Rules to the contrary.

11.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Final Order in accordance with the Motion and the Initial Order.

12.     Notwithstanding the dismissal of this chapter 11 case, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other order of this Court entered in the chapter 11 cases, including the Final DIP Order and any sale order.

**Dated: December 29th, 2025**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**